Alan Loyd BREWER *v.* STATE of Arkansas

CR 84-214                                    688 S.W.2d 736

Supreme Court of Arkansas
Opinion delivered May 6, 1985

2

*Larry W. Horton,* for appellant.

*Steve Clark,* Att'y Gen., by: *Alice Ann Burns,* Dep. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant was convicted of driving while intoxicated, second offense, and sentenced to 90 days in jail, fined $500 plus costs, and his driver's license was suspended for one year. It is from that conviction that this appeal is brought. Our jurisdiction is pursuant to Sup. Ct. R. 29(1)(a).

The appellant was arrested by two auxiliary deputies in Brinkley, Arkansas. The deputies issued a citation charging the appellant with DWI. No other information was filed against the appellant, nor was he charged in open court with the offense.

Prior to the trial, the appellant filed a motion to dismiss the charges on the grounds that his arrest was illegal. The basis of his contention was that the auxiliary deputies were not under the direct supervision of a law enforcement officer when the arrest was made. That motion was denied.

At the close of the State's evidence, the appellant renewed his motion and further contended that he had not been legally charged with an offense. After hearing evidence on the lack of supervision of the deputies, the court refused to dismiss the charges, but held that the arrest was illegal and was therefore made with the authority of a private citizen only. The appellant's first argument on appeal is that the court erred when it tried the appellant when he had not been formally charged with an offense. We agree.

Arkansas Stat. Ann. § 42-1405 (Supp. 1983) provides:

(a) An auxiliary law enforcement officer shall have the

authority of a police officer . . . when the auxiliary law enforcement officer is performing an assigned duty and is under the direct supervision of a full-time certified law enforcement officer.

(b) When not performing an assigned duty and when not working under the direct supervision of a full-time certified law enforcement officer, an auxiliary law enforcement officer shall have no authority other than that of a private citizen.

■ Any auxiliary law enforcement officer who is not supervised as required "shall not take any official action as a law enforcement officer and *any action taken shall be held as invalid.*" Ark. Stat. Ann. § 42-1403 (Supp. 1983) (emphasis added). The evidence at trial was that the deputies turned on their blue lights and spotlights and pursued the vehicle driven by the appellant. After determining that the appellant was intoxicated, the deputies issued a traffic citation charging him with DWI. The deputies' conduct was unquestionably an "official action as law enforcement officers" as provided by the statute, and must be held invalid.

■■ While it is true that a private citizen may make an arrest when the citizen believes that a felony has been committed, Ark. R. Crim. P. 4.1(b); Ark. Stat. Ann. § 43-404 (Repl. 1977), there is no similar authority to arrest for a misdemeanor. Since DWI, second offense, is a misdemeanor, the unsupervised auxiliary deputies did not have the authority as citizens to make the arrest and issue the citation. Thus the appellant was never properly charged with an offense.

■ Article 2, § 8 of the Arkansas Constitution provides that "[n]o person shall be held to answer a criminal charge unless on the presentment or indictment of a grand jury, except in . . . cases such as the General Assembly shall make cognizable by justices of the peace, and courts of similar jurisdiction . . ."

Amendment 21 to the Arkansas Constitution provides that offenses which had to be filed by grand jury indictment may now be filed by an information by the prosecuting attorney.

■ The General Assembly conferred upon law enforcement officers the authority to charge a person with a misde-

4

meanor DWI offense by issuing a citation. Ark. Stat. Ann. § 75-2508 (Supp. 1983); *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984), *supplemental opinion*, 283 Ark. 434, 678 S.W.2d 395 (1984); *Thompson* v. *City of Little Rock*, 264 Ark. 213, 570 S.W.2d 262 (1978). However, the auxiliary deputies, lacking the proper authority, were unable to lawfully charge the appellant with the offense of DWI. We follow the general rule as enunciated in *Clayborn* v. *State*, 278 Ark. 533, 647 S.W.2d 433 (1983) that a party "cannot be found guilty of a crime with which he was never charged."

Accordingly the trial court's verdict is reversed and the charge is dismissed. Our holding makes it unnecessary to address the other issues raised by the appellant.

Reversed and dismissed.