Honorable Scott Hunter Prosecuting Attorney Craighead County 514 W. Washington Avenue P. O. Box 926 Jonesboro, AR 72401
Dear Mr. Hunter:
This letter is written in response to your request for an official opinion regarding the meaning of "direct supervision" as used in Ark. Stat. Ann. 42-1401 et seq. (Supp. 1985). Your specific question is whether direct supervision as used in the above-quoted statute means a full time certified law enforcement officer must be physically present with the auxiliary law enforcement officer in order for the auxiliary officer to make a lawful arrest.
Ark. Stat. Ann. 42-1405(a) and (b) (1985 Cumm. Supp.) states:
 (a) An auxiliary law enforcement officer shall have the authority of a police officer as set forth by statutes of this State when the auxiliary law enforcement officer is performing an assigned duty and is under the supervision of a full time certified law enforcement officer.
 (b) When not performing an assigned duty and when not working under the direct supervision of a full time certified law enforcement officer, an auxiliary law enforcement officer shall have no authority other than that of a private citizen.
This sub-section was interpreted in the case of Brewer v. State,286 Ark. 1, 688 S.W.2d 736 (Ark. 1985). The Court in that case found that the auxiliary officers were on patrol and were not in the presence of a full time certified law enforcement officer, thus they were not supervised and had no power to make a misdemeanor arrest.
It is my opinion, based on the statute and the above-quoted decision, that an auxiliary law enforcement officer only has police powers when he is in the actual presence of a full time certified law enforcement officer. Otherwise, he has no authority other than that of a private citizen.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Randel K. Miller.