Teddy McAFEE *v.* STATE of Arkansas

CR 86-152                                   720 S.W.2d 307

Supreme Court of Arkansas
Opinion delivered December 8, 1986

*Robert F. Meurer*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Blake Hendrix*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant contends his arrest for driving while intoxicated and being a minor in possession of intoxicating beverages was unlawful because the auxiliary sheriff's deputy who arrested him was not being supervised as required by statute. We hold the court did not err in finding the arrest was valid.

The appellant was observed by Ron Vealy, an auxiliary law enforcement officer with the White County Sheriff's Department, driving across the highway center line several times. Vealy stopped the appellant and placed him under arrest.

When the arrest occurred, a Beebe city policeman happened to be present also. The court held that the presence of this second officer, who was a full-time, certified officer, made the

arrest lawful. We disagree with that conclusion, but we affirm because we reach the same result as the trial court for a different reason. *Marchant v. State*, 286 Ark. 24, 688 S.W.2d 744 (1985); *Curtis v. State*, 279 Ark. 64, 648 S.W.2d 487 (1983).

Prior to the arrest, Vealy had been assigned to patrol in the south portion of White County. Vealy testified that White County Deputy Sheriff J. B. Howard was his designated supervisor, and that he was not in radio contact with Howard at the time of the arrest, nor was Howard present at the scene of the arrest. The appellant's argument is that Howard was thus not in "direct" supervision of Vealy as required by the statute on the authority of auxiliary police officers. The pertinent statutory provisions are as follows:

42-1405. Authority of an auxiliary law enforcement officer.

(a) An auxiliary law enforcement officer shall have the authority of a police officer as set forth by statutes of this State when the auxiliary law enforcement officer is performing an assigned duty and is under the direct supervision of a full-time certified law enforcement officer.

. . . .

42-1401. Definitions.

. . .

(h) "Direct supervision" means having a designated on-duty full-time certified law enforcement officer responsible for the direction, conduct and performance of the auxiliary law enforcement officer when that auxiliary law enforcement officer is working an assigned duty, but does not mean that the full-time certified law enforcement officer must be in the physical presence of the auxiliary law enforcement officer when the auxiliary officer is working an assigned duty. . . .

It is clear from Ark. Stat. Ann. § 42-1401(h) (Supp. 1985) that Howard's physical presence was not required to validate Vealy's arrest of the appellant. Although the appellant argues that Vealy did not even know where Howard was at the time of the arrest, the only testimony abstracted is that of Vealy who, on

cross-examination, said he knew Officer Howard was in Searcy.

The only case cited by the appellant as having dealt with the statutes quoted above is *Brewer* v. *State*, 286 Ark. 1 , 688 S.W.2d 736 (1985). In that case we were not concerned with the evidence of supervision of the auxiliary officers because the circuit judge concluded, after a hearing on the matter, that the arrest was illegal and then proceeded to try appellant and enter a judgment of guilty. We held only that the illegal arrest invalidated the charge against the appellant. We did not even discuss the reason for the finding that the arrest was illegal.

■ Our holding here is that the statutes clearly do not require the physical presence of a supervising officer at the scene of an arrest made by an auxiliary officer. We also hold that in this case the appellant has failed to present to us a record showing that the auxiliary officer was not being directly supervised by Officer Howard. His only showing was that Howard was not physically present and that Vealy and Howard were not in radio contact "during the process of the arrest."

■ To require that the designated supervising officer be speaking to the auxiliary officer during the arrest process would constitute an unreasonable interpretation of Ark. Stat. Ann. § 42-1405(a) (Supp. 1985). It would be unreasonable to hold that an auxiliary officer must, in any instance stop, when he observes the commission of a crime, to discuss the situation with his supervisor before proceeding with an arrest. The appellant has given us no authority or argument which would require us to adopt such an unreasonable interpretation of the statute. *See Dollar* v. *State*, 287 Ark. 61, 697 S.W.2d 868 (1985).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. My disagreement with the majority is based upon our recent decision that an auxiliary officer making a misdemeanor arrest must be under the direct supervision of a law enforcement officer. See *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985). I can find no factual or legal distinction between the present case and the above case. The law has not been changed.

In the present case Deputy Howard was auxiliary Officer Vealy's designated supervisor and was reportedly some 20 miles away. There was no contact in person, by radio or otherwise between Vealy and Howard before, during or after the arrest. Howard was not informed that the arrest had been made. He may not have been on duty at the time of the arrest. The facts of this case clearly establish that Vealy was not supervised anymore than were the officers in the *Brewer* case. There we held that Brewer was never legally arrested because the only charge against him was the ticket given by the unsupervised auxiliary officers. McAfee likewise received a ticket from an unsupervised auxiliary officer.

I prefer the results reached in the present case, but I feel bound by the precedent in the *Brewer* case. We ought to be consistent one way or the other. Whether the present law is good or bad is not for us to decide. It is up to the people, acting through the legislature, to make, repeal or amend laws.