Howard D. DAVIS *v.* STATE of Arkansas

CR 88-103                                                          758 S.W.2d 706

Supreme Court of Arkansas
Opinion delivered October 17, 1988
[Rehearing denied November 7, 1988.*]

---

*Hickman, Purtle, and Newbern, JJ., would grant rehearing.

*Robert Meurer*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. The appellant was convicted of two misdemeanors. On appeal, he argues that the arresting officer did not meet the minimum standards established by the Executive Commission on Law Enforcement, and, therefore, he could not be convicted of the offenses. We affirm the convictions.

The general rule is that an illegal arrest does not void a conviction. *O'Riordan* v. *State*, 281 Ark. 424, 665 S.W.2d 255 (1984). "It goes almost without saying that a defendant, after having been fairly tried in a court of competent jurisdiction and found guilty . . . is not entitled to be set free on the basis of some flaw in the manner of his arrest." *Singleton* v. *State*, 256 Ark. 756, 510 S.W.2d 283 (1974).

However, an exception to the general rule applies when a non-qualified officer issues the only charges in a case, since "any action" taken by such officer "shall be held as invalid." Ark. Code Ann. § 12-9-108(a) (1987). Pursuant to that particular statute, when the non-qualified policeman's citation is the only charging instrument, it is the same as if no charge were ever filed. *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985). Thus, the accused was never charged, and "a party cannot be found guilty of a crime with which he was never charged." *Brewer* v. *State, supra* (quoting *Clayborn* v. *State*, 278 Ark. 533, 647 S.W.2d 433 (1983)).

In this case the appellant does not tell us whether the non-qualified officer's citation was the only formal charge, or whether a judicial officer issued an arrest warrant which was served by the non-qualified officer, or whether he was later charged by information. Accordingly, we do not know whether the trial court erred in applying the general rule, and we will not

presume error.

Affirmed.

HICKMAN and PURTLE, JJ., dissent.

JOHN I. PURTLE, Justice, dissenting. I almost neglected to dissent in this case because I didn't recognize the facts as set forth in the majority opinion as the same case argued in the briefs and considered by this court. The majority opinion appears to concern itself with whether or not a "defect" in the arrest procedure may be "cured" by other hypothetical events, without even deciding whether the arrest was in fact illegal. The question presented in this case is whether the person making the arrest had the authority to do so. The prosecuting attorney and defense counsel stipulated that the only issue before this court is "whether the arresting officer was qualified to make the arrest in this situation."

The majority opinion recognizes that a non-qualified officer's arrest cannot be the basis for a conviction. As stated in the majority opinion: "when the non-qualified policeman's citation is the only charging instrument, it is the same as if no charge was ever filed. *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985)."

The provisions of Ark. Code Ann. § 12-9-108(a) (1987) state:

> A person who does not meet the standards and qualifications set forth in this subchapter or any made by the Arkansas Commission on Law Enforcement Standards and Training *shall not take any official action as a police officer, and any action taken shall be held as invalid.*

The stipulation filed by the parties clearly establishes that the person making the arrest in this case does not meet the provisions of these standards. Therefore, his issuance of the citation was an invalid act, and the arrest itself was void.

It's puzzling to me that the failure of enforcement officers to comply with the law shifts the burden of proof to the accused to demonstrate that an illegal arrest was in fact illegal, i.e., that an illegal arrest was not "cured" by other events. This is not a case where an arrest warrant was issued with some defect; rather, this is a case where the arrest itself was void. There is no law or

precedent which would allow a person to be convicted of an act for which he has never been charged. See *Brewer*, supra.

In *Brewer*, the auxiliary officers did not meet the minimum standards and we held that they had no authority to make the arrest. If Brewer could not be held for the offense, nor tried, why should Davis?