Larry HELMS *v.* STATE of Arkansas

CR 88-106                                     759 S.W.2d 546

Supreme Court of Arkansas
Opinion delivered November 7, 1988

*Guy Jones, Jr., P.A.*, for appellant.

*Steve Clark*, Att'y Gen., by: *Olan W. Reeves*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant Larry Helms was convicted in the Municipal Court of Searcy, Arkansas, of speeding and driving while intoxicated. On appeal, the convictions were affirmed by the White Circuit Court. The arresting officer testified that the radar unit in his patrol car showed Helms to have been driving 50 miles per hour in a 40 mile zone. When appellant was stopped and questioned, the officer noticed the odor of alcohol and administered field sobriety tests, which appellant could not perform satisfactorily. At police headquarters a breathalyzer test registered .10.

On appeal to this court appellant asks that we reverse and dismiss, contending the arresting officer was not a certified radar

operator and that there was no probable cause to stop or arrest the appellant. We affirm the judgment.

Citing several sections of Chapter 9, *Law Enforcement Training and Standards*, Ark. Code Ann. § 12-9-101, et seq. (1987), appellant argues that the arresting officer did not have certificates from the Arkansas Law Enforcement Standards Commission or from the Federal Communications Commission reflecting his authority to operate a radar unit, nor was there any certificate from the FCC approving the radar unit used to stop the appellant. Appellant relies on § 12-9-108(a), which provides that the actions taken by an officer who is not qualified "shall be held invalid."

■■ We need not decide whether there is merit to these arguments. For one thing, there was no motion to suppress and the testimony of the arresting officer concerning the radar unit and his method of using it was admitted without objection. For another, the officer testified that in addition to his radar unit, the speedometer on his patrol car reflected appellant's speed as being 50 miles per hour. Finally, there was no showing that appellant's arrest was dependent solely on the citation issued by the arresting officer. Recently in *Davis* v. *State*, 296 Ark. 524, 758 S.W.2d 706 (1988), we reviewed the law affecting the legality of an arrest where the qualifications of the arresting officer were challenged on the basis of Ark. Code Ann. § 12-9-108(a) (1987). We said if the officer was not qualified it was as if no charge were ever filed, *Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985) and "a party cannot be guilty of a crime with which he was never charged." However, in this case, as in *Davis* v. *State*, the appellant failed to show that the arresting officer's citation was the only formal charge, or that the appellant was not later charged by information. Since we do not presume error, it is appellant's duty to demonstrate it. *The Baldwin Co.* v. *The Ceco Corporation*, 280 Ark. 519, 659 S.W.2d 941 (1983).

■ Appellant's argument that there was no probable cause to stop him or to arrest him cannot be sustained. The officer's testimony that he clocked the appellant at 50 miles per hour in a 40 mile an hour zone gave him every reason to stop the appellant for a traffic violation and his testimony that appellant smelled of alcohol, was swaying, and could not perform field sobriety tests, provided ample probable cause to charge him with driving while

intoxicated. *Gaylor* v. *State*, 284 Ark. 215, 681 S.W.2d 348 (1984).

AFFIRMED.