Robbie MITCHELL *v.* STATE of Arkansas

CR 89-69                                        769 S.W.2d 18

Supreme Court of Arkansas
Opinion delivered May 1, 1989

*Paul Petty* and *Robert Meurer*, for appellant.

*Steve Clark*, Att'y Gen., by: *David B. Eberhard*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. This is an appeal from the appellant's conviction of driving while intoxicated, first offense, and driving off a laned highway. The appellant moved for the charges to be dismissed and made a motion for suppression of the evidence on the basis that the Bradford city police officer was not qualified to effect appellant's arrest because the officer had not met the minimum standards as provided in the Arkansas Commission on Law Enforcement Standards and Training. The trial judge found that the police department had shown substantial compliance with the requirements of the law and denied the appellant's motions. We reverse.

Under Ark. Code Ann. § 12-9-108 (1987), a person who does not meet the standards and qualifications established by the Commission shall not take any official action as a police officer, and any action taken shall be held as invalid. In accordance with its rule and regulation making authority, Ark. Code

Ann. § 12-9-104 (1987), the Commission has provided that every officer employed by a law enforcement unit shall be examined by a licensed psychiatrist or psychologist who, after examination, makes recommendations to the employing agency.[1] Regulation § 1002(1). The Commission requires that employment eligibility should depend on the results and recommendations received by investigators and examiners, Regulation § 1002(4), and that verification of minimum employment standards must be contained in the permanent record file maintained by the employing department. Regulation § 1002(2)(i). Finally, the Commission has provided that the completion of the established minimum standards for employment or appointment must be achieved before employment eligibility is established. Regulation § 1002(4).

In the present case, the arresting officer's personnel file failed to contain a psychological report until three months after the officer arrested the appellant even though the City of Bradford had employed the officer for some twenty-one months. The state argues that the city was required only to substantially comply with the Commission standards. While substantial compliance with certain laws or regulations may be sufficient, in some situations, the facts do not warrant a finding of substantial compliance here. The Commission clearly has established minimum standards that must be met before employment eligibility is established, and Arkansas law invalidates any action taken by an officer before he or she meets Commission standards. The City of Bradford took *no action* to obtain the required psychological report before hiring the officer involved here and only met this minimum standard or requirement three months after the appellant's arrest, or twenty-one months after the officer was employed. Simply put, this was not substantial compliance with the statutory law or Commission regulations.

In citing our recent cases of *Davis* v. *State*, 296 Ark. 524, 758 S.W.2d 706 (1988), and *Helms* v. *State*, 297 Ark. 44, 759

---

[1] The state contends we should not address the merits of this appeal because the appellant failed to introduce the pertinent regulations at the trial. However, this court has held that trial courts can take judicial notice of such rules and regulations of boards and agencies which are adopted pursuant to law. *Seubold* v. *Fort Smith Special School Dist.*, 218 Ark. 560, 237 S.W.2d 884 (1951).

S.W.2d 546 (1988), the state contends that even if the appellant's arrest was illegal because the officer was non-qualified, the appellant must show that the officer's citation was the only instrument that charged him with the offenses. In presenting its case below, the state never raised this issue. In the lower court, the state limited its argument to the single issue that the officer's citation, which resulted in the conviction of the appellant, was valid because the city's employment of the officer substantially complied with the requirements of the law.

The appellant claims that the non-qualified officer's citation was the only formal charge brought against him, and the state does not contend otherwise. Although this court has authority to go to the record to affirm a trial court's decision, we find nothing to support the idea that the appellant was charged with any instrument other than the citation issued by the non-qualified officer. Nor can we find from our review of the record that the appellant's conviction was based upon any evidence except that which resulted from the officer's illegal arrest of the appellant.

At this point, we note that the *Davis* and *Helms* cases relied upon by the state involved similar issues arising from the same trial court that decided the case at bar. We affirmed misdemeanor convictions in both cases and in doing so, we said in *Davis* that the defendant had not told us whether he was charged only by the non-qualified officer's citation; in *Helms*, we stated the defendant failed to show the officer's citation was the only formal charge. As already mentioned, the record must support the appellant's conviction before we can affirm it on appeal, and while we may have suggested otherwise in *Davis* and *Helms*, it is the state's obligation to prove its charges against a defendant and, in doing so, establish a record that will support its case on appeal. To the extent our holdings in *Davis* and *Helms* place that burden on the appellant, we reverse them. *See Grable* v. *State*, 298 Ark. 489, 769 S.W.2d 9 (1989).

Because the Bradford city police officer was non-qualified at the time he arrested the appellant and the appellant's conviction was based solely on the non-qualified officer's citation, we must reverse and dismiss this cause.