Andrew ELLIS *v.* STATE of Arkansas

CR 90-88                                     791 S.W.2d 370

Supreme Court of Arkansas
Opinion delivered July 2, 1990

598

*Satterfield Law Firm,* by: *G. Randolph Satterfield,* for appellant.

*Steve Clark,* Att'y Gen., by: *J. Brent Standridge,* Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Andrew Ellis was charged with possession of cocaine with intent to deliver. There has been no trial. In a pre-trial hearing, Ellis moved to dismiss the charges against him because the officers who arrested him were not certified pursuant to Ark. Code Ann. § 12-9-108 (1987). The court entered an order denying the motion. Ellis filed a notice of appeal from that order, and the court granted a continuance pending disposition of the appeal. We dismiss the appeal as there is no authority permitting a criminal defendant to appeal when no judgment of conviction has been entered.

The state correctly points out that appeals are granted as a matter of statute. There is no right to appeal granted by the United States Constitution. *Abney* v. *United States,* 431 U.S. 651 (1977). Appealability is controlled by Ark. R. App. P. 2(a) which requires a final judgment or decree or one which, in effect, determines the action and prevents a judgment from which an appeal might be taken or discontinues the action.

In the jurisdictional statement accompanying Ellis's brief, it is stated that this is not a interlocutory appeal because granting

the relief he requests would result in his absolute discharge. He has filed no reply brief responding to the state's contention that there is no appealable order here, and his opening brief contains no argument or citation of authority in support of the position urged in his jurisdictional statement. All of his argument is directed to the illegality of his arrest.

Nothing contained in Ellis's brief warrants our treating it as a request to this court of a writ of prohibition. We have held many times that an illegal arrest does not necessarily invalidate a conviction. *Davis* v. *State*, 296 Ark. 524, 758 S.W.2d 706 (1988); *O'Riordan* v. *State*, 281 Ark. 424, 665 S.W.2d 255 (1984); *Singleton* v. *State*, 256 Ark. 756, 510 S.W.2d 283 (1974).

In *Grable* v. *State*, 298 Ark. 489, 769 S.W.2d 9 (1989), we mentioned the invalidity of the arrest due to the failure of the arresting officer to comply with the qualifications statute. In that case and in *Mitchell* v. *State*, 298 Ark. 536, 769 S.W.2d 18 (1989), as well, however, the error causing dismissal was not the invalid arrest; it was the invalid charge. Here, the record shows Ellis was charged by information filed by a prosecutor rather than by a citation rendered by an unqualified police officer. We find no basis for Ellis's statement that the relief he requests would result in a bar to his prosecution.

Appeal dismissed.