Sherman Dale RENSHAW *v.* STATE of Arkansas

CR 90-102                                    795 S.W.2d 925

Supreme Court of Arkansas
Opinion delivered September 24, 1990

*Terry Crabtree*, for appellant.

*Steve Clark*, Att'y Gen., *Kelly K. Hill*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This appeal concerns post-conviction relief. The only question is whether the trial court erred in denying appellant's claim of ineffective assistance of counsel. However, we do not address that issue as the case is affirmed on

other grounds.

On December 2, 1988, Arkansas State Police Trooper, Bob Massey, observed appellant driving erratically and crossing the center line on Highway 71, near Bentonville. Massey pulled appellant over and upon questioning him, detected a strong odor of alcohol. Massey transported appellant to the Bentonville Police Department where appellant refused to take any sobriety tests.

Massey received information from the state police headquarters that appellant was wanted for a parole violation in Texas and Texas wanted appellant held for extradition. Massey was further advised that appellant was an escape risk. In the course of searching appellant Massey found two plastic bags, one containing methamphetamine and the other, cocaine.

Appellant was subsequently charged by information on January 5, 1989, by the district prosecuting attorney, with two counts of possessing a controlled substance. On April 17, 1989, a suppression hearing was held on these charges and after the evidence and testimony were received, but before the trial court made a ruling, appellant tendered a guilty plea. After a discussion and explanation the court accepted the plea and ordered a presentence report.

On June 27, 1989, appellant filed a motion to withdraw his guilty plea, doubtless prompted by our rulings in *Grable* v. *State*, 298 Ark. 489, 769 S.W.2d 9 (1989), and *Mitchell* v. *State*, 298 Ark. 536, 769 S.W.2d 18 (1989), both handed down on May 1, 1989, holding that we would require strict compliance with the certification of law enforcement officers under Ark. Code Ann. § 12-9-101 through 111 (1987). In his motion, appellant alleged that he should be allowed to withdraw his guilty plea in order to correct a manifest injustice; that the officer who had arrested him was not properly certified under the regulations[1] established by the Arkansas Commission on Law Enforcement Standards, and by *Grable, supra*; that the actions of the arresting officer should be held invalid; and that any evidence taken as a result of the arrest should be suppressed.

---

[1] Specifically, the motion alleged that the officer had not had an *oral* examination by a psychologist, at the time the officer had made the arrest.

On July 26, 1989, a hearing was held on appellant's motion to withdraw his guilty plea, as provided by A.R.Cr.P. Rule 26.1. The state presented evidence to show that Officer Massey was properly certified, and the trial court so found. The trial court then accepted appellant's guilty plea and sentenced him to a total of fifty years.

On August 22, 1989, with newly appointed counsel, appellant filed a new trial motion, alleging ineffective assistance of counsel. Appellant urged that his former attorney had failed to subpoena the proper witnesses and records at the July plea withdrawal hearing to show that the state's evidence of Massey's proper certification was incorrect. On October 13, 1989, a hearing was held and appellant attempted to show that because Officer Massey was not in fact certified, his attorney was ineffective.

The trial court concluded that even if the former attorney had failed to call witnesses the appellant had not shown prejudice because it was clear that Officer Massey was a certified law enforcement officer and met the minimum standards at the time of appellant's arrest. The trial court did reduce appellant's sentence to forty years, but otherwise affirmed the judgment entered in July.

On appeal appellant claims the trial court erred, arguing that Officer Massey was in fact not properly certified and that appellant therefore did suffer prejudice because he was precluded from challenging his arrest and moving to suppress the evidence on that ground. As noted previously, we affirm the trial court's ruling on other grounds.

Appellant rests his argument on *Grable, supra*, and *Mitchell, supra*, where we held an arrest was invalid when the arresting officers were not properly certified pursuant to Ark. Code Ann. § 12-9-108(a) (1987). However, appellant misconstrues that holding in the context of this case. In both *Grable* and *Mitchell*, the focus was on the lack of any valid charging instrument against the defendants. The arresting officers' warrant or citation in those cases was the only charging document presented as filed against the defendants. The state failed to present evidence that an alternate and valid charging document had also been filed. The point in both was that the state had simply failed to file a valid

charge, a constitutional requirement. *See Brewer* v. *State*, 286 Ark. 1, 688 S.W.2d 736 (1985). The consequence was that the state could not proceed with the prosecution. To this same effect see *Ellis* v. *State*, 302 Ark. 597, 791 S.W.2d 370 (1990), and *Huls* v. *State*, 301 Ark. 572, 785 S.W.2d 467 (1990).

The problem that was present in both *Grable* and *Mitchell* does not exist in this case as the appellant was separately charged by a prosecutor's information. Appellant's argument that the arresting officer was not properly certified is rendered moot by the fact that he was charged by a valid information.

The judgment is affirmed.