Marion C. BARNES, Timothy D. Brooks, James A. Faulkner, and Soloman Cornelius *v.* STATE of Arkansas

and

Steven E. Nelson *v.* State of Arkansas

CR 91-11                                    810 S.W.2d 909

Supreme Court of Arkansas
Opinion delivered May 6, 1991

*Poynter & Gearhart, P.A.*, by: *Van A. Gearhart*; and *Osman, Chism & Ethredge*, by: *Richard S. Paden* and *Kerry D. Chism*, for appellants.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. These five driving while intoxicated cases have been consolidated for appeal. Either Trooper Mark Blankenship or Trooper Mark Hollingsworth was the arresting officer in these cases. The appellants made a motion to suppress evidence and for dismissal on the basis that the two arresting officers failed to comply with the Law Enforcement Standards Act, Ark. Code Ann. §§ 12-9-101 to -404 (1987), because their files did not contain medical forms F-2 and F-2a. The Arkansas Commission on Law Enforcement Standards (Commission) required these forms by regulation under the authority of Ark. Code Ann. § 12-9-108(a) (1987). The officers' files did, however, contain medical history questionnaire forms and medical examination report forms, and in referring to this information, the trial court held the officers had substantially complied with the requirements of the law and denied the appellants' motion. Appellants appeal that ruling.

This court has held that strict compliance with the standards and qualifications of police officers is required by the language of § 12-9-108(a), and that substantial compliance is not sufficient. *Mitchell* v. *State*, 298 Ark. 536, 769 S.W.2d 18 (1989), and *Grable* v. *State*, 298 Ark. 489, 769 S.W.2d 9 (1989). In *Mitchell* and *Grable*, we reversed where the defendants' convictions were based solely on citations issued by officers who failed to meet the requirements established by the Commission under § 12-9-108(a). Thus, if these two decisions controlled the situations now

before us as appellants suggest, we would be obliged to reverse their cases. Matters, however, have changed since these decisions were rendered and those changes compel our affirmance of the trial court's convictions.

    ■ Since the *Grable* and *Mitchell* cases, the General Assembly has passed Act 44 of 1989, which amended § 12-9-108(a) to provide that the mere failure to meet law enforcement standards shall not invalidate actions taken by law enforcement officers. Act 44 went into effect on November 8, 1989, which was after the appellants' arrests in the instant case but prior to the trial court's denial of their motion to suppress from which they bring this appeal. The Act further expressed the General Assembly's intent that it should apply to any pending cases. Furthermore, our court has recently upheld the constitutionality of Act 44, stating the Act's retroactive applicability to pending cases did not violate the *ex post facto* doctrine of either the state or federal constitution. *Smith* v. *City of Little Rock*, 305 Ark. 168, 806 S.W.2d 371 (1991); *Ridenhour* v. *State*, 305 Ark. 90, 805 S.W.2d 639 (1991). Therefore, the Act — its retroactive effect having been ruled constitutional — eliminated or removed the earlier language contained in § 12-9-108(a) (1987), that invalidated official actions taken by police officers who had failed in some aspect to meet the standards and qualifications of the Law Enforcement Standards Act.

    ■ As pointed out, the appellants' cases here were pending when Act 44 was enacted. Thus, applying Act 44 to the present situations, officers Blankenship's and Hollingsworth's arrests of the appellants were not invalidated merely because their files failed to contain the specified medical forms required by the Commission.

In reaching our holding, we note that Act 44 was not argued below, and that, in two earlier cases, we declined to address for the first time on appeal that the (1) state's argument that Act 44 should be interpreted and applied so as to validate actions of officers who had failed to meet Commission standards or qualifications and (2) defendants' counter arguments that the Act's retroactive application violated the *ex post facto* clause. *See Johnson* v. *City of Kensett*, 301 Ark. 592, 787 S.W.2d 651 (1990), and *Freeman* v. *City of DeWitt*, 301 Ark. 581,

787S.W.2d 658 (1990). However, since our decisions in *Johnson* and *Freeman*, we have laid to rest the issues bearing on Act 44's interpretation and the constitutionality of its retroactive application to pending cases. *Ridenhour*, 305 Ark. 90, 805 S.W.2d 639. Thus, while we refused in *Johnson* and *Freeman* to reach or rule on these issues surrounding Act 44, those issues have now been fully developed and decided. As decided in *Ridenhour*, Act 44 applies to cases which were pending at the time of its enactment and its retroactive application is constitutional.

■ Undisputably, the appellants' cases before us now were pending when Act 44 was enacted. Thus, although the trial court was wrong in stating officers Blankenship and Hollingsworth had substantially complied with the requirements of § 12-9-108(a), its decision upholding the officers' arrests of appellants was correct under Act 44 — the amendment removing the strictures of § 12-9-108(a) that previously invalidated any actions taken by officers who did not meet Commission standards or qualifications. In sum, while the trial judge was in error in his reasoning when rendering the appellants' convictions, the result reached by him was correct. *See Marchant* v. *State*, 286 Ark. 24, 688 S.W.2d 744 (1985). Therefore, we affirm.