James R. HARSHAW *v.* STATE of Arkansas

CR 92-1318 852 S.W.2d 318

Supreme Court of Arkansas
Opinion delivered May 3, 1993

*Robert Meurer*, for appellant.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT DUDLEY, Justice. Appellant was convicted of driving while under the influence of intoxicants. On appeal he argues that the trial court erred in refusing to grant his motion to suppress the evidence of his blood-alcohol level because the arresting officer did not meet the standards for training set by the Arkansas Commission on Law Enforcement Standards and Training. The court of appeals certified the case to this court. We affirm the judgment of conviction.

Previously, Ark. Code Ann. § 12-9-108(a) read:

> A person who does not meet the standards and qualifications set forth in this subchapter or any made by the Arkansas Commission on Law Enforcement Standards and Training shall not take any official action as a police officer, *and any action taken shall be held as invalid.* (Emphasis added.)

In accordance with the language of the statute, we applied the exclusionary rule to searches and seizures by an officer who did not meet the standards and qualifications. *See, e.g., Mitchell* v. *State*, 298 Ark. 536, 769 S.W.2d 18 (1989). The General Assembly amended the statute, and repealed the last phrase, so that the exclusionary rule would no longer be applied in cases involving officers who were not qualified. It passed Act 44 of the First Extraordinary Session of 1989, codified as Ark. Code Ann. § 12-9-108(a) (Supp. 1991), which provides:

> Actions taken by law enforcement officers who do not meet all of the standards and qualifications set forth in this subchapter or made by the Arkansas Commission on Law Enforcement Standards and Training *shall not be held invalid merely because of the failure to meet the standards and qualifications.* (Emphasis added.)

In accordance with the language of the amendment, we ceased applying the exclusionary rule to cases in which the officer failed to meet the standards. *See, e.g., Barnes* v. *State*, 305 Ark. 428, 810 S.W.2d 909 (1991).

 Appellant argues that Act 44 of 1989 should be interpreted to mean that the exclusionary rule is not applicable when a governmental unit fails to meet the employment standards for officers, but that it is applicable when the governmental unit fails to meet the training standards. The argument is without merit. The act makes no distinction between employment standards and training standards. It refers to "actions" taken by officers "who do not meet *all* of the standards" and then provides that such actions "shall not be held invalid merely because of the failure to meet *the standards and qualifications.*" (Emphasis added.) When the words used in a statute have a well-defined meaning, and the wording of the statute is clear, we give those

words their plain meaning. *McGee* v. *Armorel Pub. Schs.*, 309 Ark. 59, 827 S.W.2d 137 (1992). In this case, the act applies to "all of the standards." The words used are clear. There is no room for an interpretation that makes a distinction between employment standards and training standards.

Appellant's second point of appeal is that the trial court erred in allowing into evidence a certified copy of his driving record. He contends that the document violates the rule against hearsay, apparently because of some deficiency in its form. We affirm this point under Rule 9(e) of the Rules of the Supreme Court and Court of Appeals because there is no abstract of the document.

Affirmed.