The Honorable Mike Ross State Senator Post Office Box 374 Prescott, Arkansas 71857
Dear Senator Ross:
This is in response to your request for an opinion on eight questions pertaining to municipal affairs. I understand that the municipality at issue is a city of the second class. Your questions are set forth and answered below in the order posed. Your first question is:
How many auxiliary deputies can a City Marshal have?
In my opinion, the number of auxiliary law enforcement officers that may be appointed by a city is limited by and may be determined by reference to A.C.A. § 12-9-306(a), which provides:
 (1) Recognizing the need for limiting the number of auxiliary law enforcement officers in this state, a political subdivision is given the authority to appoint auxiliary law enforcement officers and the political subdivision shall have no more auxiliary law enforcement officers than the larger number of:
 (A) One (1) auxiliary law enforcement officer for each full-time certified law enforcement officer employed by the appointing law enforcement agency; or
 (B) One (1) auxiliary law enforcement officer for each one thousand (1,000) persons in the political subdivision as determined by the latest official census.
 (2) However, if due to special or unusual problems or circumstances, any political subdivision has a need for a greater number of auxiliary law enforcement officers than is authorized in subdivisions (a)(1)(A) or (a)(1)(B), it may make a request to the Arkansas Commission on Law Enforcement Standards and Training for the additional officers. Each request shall state the special or unusual problems involved which justify the request, the number of additional officers requested, and such other information as the commission may require. If the commission finds that the public interest will best be served by allowing the political subdivision to appoint the additional auxiliary law enforcement officers requested, it may grant the request.
Your second question is:
 Can a City Marshal give his auxiliary deputies permission to work in the county or outside the city limits?
In my opinion, the answer to your question generally is "no," though exceptions may apply in particular cases. The Supreme Court of Arkansas has summarized the law governing the extraterritorial authority of municipal law enforcement officers:
 A local peace officer acting without a warrant outside the territorial limits of the jurisdiction under which he holds office is without official power to apprehend an offender, unless he is authorized to do so by state statute. Logan v. State, 264 Ark. 920, 576 S.W.2d 203
(1979); 5 Am. Jur. 2d Arrest § 50 (1962); 6A C.J.S. Arrest § 53 (1975); Annotation, Validity, In State Criminal Trial, Of Arrest Without Warrant By Identified Peace Officer Outside of Jurisdiction, When Not in Fresh Pursuit, 34 A.L.R.4th 328 (1984). An officer who seeks to make an arrest outside his territory, without a warrant or statutory authority to do so, must be treated as a private citizen. Blevins v. State, 31 Ark. 53 (1876); 5 Am. Jur. 2d Arrest § 50 (1962); 6A C.J.S. Arrest § 53 (1975); Annotation, Validity, In State Criminal Trial, Of Arrest Without Warrant By Identified Peace Officer Outside of Jurisdiction, When Not in Fresh Pursuit, 34 A.L.R.4th 328 (1984).
 The authority of municipal corporations to exercise powers beyond their territorial limits must be derived from some state statute. City of Argenta v. Keath, 130 Ark. 334, 197 S.W. 686 (1917). The State of Arkansas has authorized local police officers to act outside their territorial jurisdiction in four instances: (1) the well known "fresh pursuit doctrine" which is codified as Ark. Code Ann. 16-81-301 (1987); (2) when the peace officer has a warrant of arrest, Ark. Code Ann. 16-81-105 (1987); (3) when a local law enforcement agency requests an outside officer to come within the local jurisdiction, and the outside officer is from an agency which has a written policy regulating its officers when they act outside its jurisdiction, Ark. Code Ann. 16-81-106 (1989); and (4) a county sheriff may request that a peace officer from a contiguous county come into the requesting sheriff's county. The visiting officer may then come into that county and investigate and make arrests for violations of drug laws. Ark. Code Ann. 5-64-705 (1987).
Perry v. State, 303 Ark. 100, 102-103, 794 S.W.2d 141 (1990). See also
A.R.Cr.P 3.1 (authorizing a law enforcement officer lawfully present "in any place" to detain, in specified circumstances, any person reasonably suspected to be committing or about to commit, or of having committed, a felony or a misdemeanor "involving danger of forcible injury to persons or of appropriation of or damage to property").
An auxiliary law enforcement officer has the authority of a police officer when performing an assigned duty "under the direct supervision[1]
of a full-time certified law enforcement officer." A.C.A. § 12-9-303(a). At other times, an auxiliary law enforcement officer has no authority other than that of a private citizen. A.C.A. § 12-9-303(b).
Your third question is:
 Can a City Marshal override the City Mayor's decision on auxiliary deputies' duties?
As discussed below in response to your fifth question, it is my opinion that the marshal of a city of the second class, rather than the mayor, has authority to appoint auxiliary law enforcement officers. It follows, and it is my opinion, that the marshal is primarily responsible to supervise such officers and assign their duties.
Your fourth question is:
 Would an auxiliary deputy be the same as a city employee, as far as the supervision is concerned?
In my opinion, the answer to your question is generally "no." As set forth above, it is my opinion that auxiliary law enforcement officers are properly under the supervision of the marshal of a city of the second class. The mayor, as the city's principal officer, has primary responsibility to supervise most other city employees.
Your fifth question is:
 Does the City Mayor have complete jurisdiction over the hiring of city employees and auxiliary deputy appointments?
In my opinion, while the mayor of a city of the second class generally has authority and responsibility to hire city employees, he or she has no authority to hire deputy city marshals or appoint auxiliary law enforcement officers.
With respect to deputy city marshals, the city marshal is expressly empowered by statute to "appoint one (1) or more deputies, for whose official acts he shall be responsible." A.C.A. § 14-44-113(c). It should be noted that while it is the marshal's "exclusive prerogative" to appoint deputies, the city council has sole authority to determine what their salaries shall be, and may decline to pay them at all. City ofGreenbrier v. Cotton, 293 Ark. 264, 268, 737 S.W.2d 444 (1987).[2]
With respect to auxiliary law enforcement officers, I concluded in Op. Att'y Gen. 94-098 (copy enclosed) that the sheriff has authority to appoint such officers for a county, although his discretion in this respect is limited by the statutes providing for such officers, A.C.A. §§12-9-301 to -308 (1987, Cum. Supp. 1993, and Adv. Code Serv. 1995). It is likewise my opinion that the city marshal is the appointing authority in a city of the second class.
Your sixth question is:
Can a City Mayor hold a Mayor's Court in his city?
Although the forum is now known as a city court rather than an mayor's court, it is my opinion that Arkansas law provides for mayors of cities of the second class to function as municipal judicial officers. Arkansas Code Annotated § 14-44-108 (1987 and as amended by Act 298 of 1995) provides:
 (a) The mayor of a city of the second class shall have, within the limits of the city, all the jurisdiction and power of a justice of the peace in all civil or criminal matters arising under the laws of this state, to all intents and purposes. For crimes and offenses committed within the limits of the city, the mayor's jurisdiction shall be coextensive with the county.
 (b) Any mayor may designate, at such times as he shall choose to do so, any attorney regularly licensed to practice law and a resident of the county in which the city or town is located, to sit in the mayor's stead as judge of the city court. All fines and penalties assessed by the court in such a case shall continue to be paid into the city treasury. The attorney sitting in the stead of the mayor shall charge and collect the same fees as justices of the peace are allowed for similar service.
 (c) The mayor shall give bond and security in any amount to be determined and approved by the city council.
 (d)(1) The mayor shall have exclusive jurisdiction of all prosecutions for violation of any ordinances of the city;
 (2) He may award and issue any process or writs that may be necessary to enforce the administration of justice throughout the city, and for the lawful exercise of his jurisdiction, according to the usages and principles of law; and
 (3) He shall receive, in the discharge of the duties of a justice of the peace, the same fees and compensation as may be allowed them by law.
Your seventh question is:
 Can any law enforcement officer at his discretion use the city auxiliary anywhere in the county?
In my opinion, the answer to this question is generally "no." Please refer to my answer to your second question with respect to the extraterritorial authority of officers.
Your eighth question is:
 Can the city in which an auxiliary deputy volunteers be held liable for the deputy's firearm use?
In my opinion, the answer to this question is "no." Arkansas Code Annotated § 12-9-308 (Cum. Supp. 1993) provides:
 The law enforcement agency director, chief, or sheriff and the political subdivision appointing the auxiliary law enforcement officer shall not be held either civilly or criminally liable or in any other manner for the actions of an auxiliary law enforcement officer.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] The courts have interpreted in several cases the phrase "direct supervision," which is defined in A.C.A. § 12-9-301(8) (Adv. Code Serv. 1995). See McAfee v. State, 290 Ark. 446, 720 S.W.2d 307 (1986); Brewerv. State, 286 Ark. 1, 688 S.W.2d 736 (1985); Martindill v. State,40 Ark. App. 16, 839 S.W.2d 545 (1992); Turnbull v. State,22 Ark. App. 18, 731 S.W.2d 794 (1987).
[2] The court in City of Greenbrier, in stating that it was solely the marshal's decision to appoint one or more deputies, emphasized the fact that the marshal there was elected rather than appointed. In my opinion, however, an appointed marshal has the same authority. Nothing in A.C.A. § 14-44-113, setting forth the powers of city marshals, purports to distinguish between elected and appointed marshals. It is true that an appointed marshal may be removed by the mayor, subject to the city council's power to override the mayor's action, A.C.A. §§ 14-42-110 (as amended by Act 914 of 1995), 14-44-111, and of course the replacement marshal could appoint new deputies.