The Honorable George Hopkins State Senator 804 E. Page Avenue P.O. Box 913 Malvern, Arkansas 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on several questions relating to the arrest authority of auxiliary law enforcement officers. Your questions in this regard are as follows:
 Are auxiliary deputies, who are not certified law enforcement officers, authorized to issue citations while on the payroll of a private corporation while performing services for the corporation? For instance, in Saline County, ALCOA apparently has hired non-certified auxiliary deputies to patrol the area around its property. These individuals are paid by ALCOA to perform security services. These individuals are making arrests and issuing criminal citations to individuals in the area while working for ALCOA. Are their arrests for misdemeanor charges valid? Are the citations valid? If the officers were regular deputies rather than auxiliary deputies would the answers be different?
In my opinion the first three questions you have posed are controlled by the case of Brewer v. State, 286 Ark. 1, 688 S.W.2d 736 (1985). InBrewer, two auxiliary law enforcement officers issued a citation to the defendant and arrested him for DWI. The defendant argued that the two auxiliary law enforcement officers were not under the direct supervision of a certified law enforcement officer when they issued the citation, or made the arrest, and as such their actions were invalid. The Arkansas Supreme Court agreed, citing what is now A.C.A. § 12-9-303(a) and (b), and A.C.A. § 12-9-305(a). Those provisions give auxiliary law enforcement officers the powers of police officers when they are performing an assigned duty and are under the direct supervision of a full-time certified law enforcement officer. When not so acting, auxiliary law enforcement officers have no authority other than that of private persons. The court stated that: "[a]ny auxiliary law enforcement officer who is not supervised as required `shall not take any official action as a law enforcement officer and any action taken shall be held as invalid.'" Id. at 3, quoting what is now A.C.A. § 12-9-305(a). The court noted that while a private citizen may make an arrest when the citizen believes that a felony has been committed, there is no similar authority to arrest for a misdemeanor. The court thus held that because the particular DWI charge was a misdemeanor, the two auxiliary deputies did not have authority to issue the citation or make the arrest.
Assuming, therefore, that the auxiliary law enforcement officers are not under the direct supervision of a certified law enforcement officer, they may not make arrests or issue citations for misdemeanors.
In response to your final question, regarding the authority of certified deputy sheriffs, I have enclosed a copy of Op. Att'y Gen. 96-120, which addresses this question.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh