Allen Rene MOORE *v.* STATE of Arkansas

CR 90-133 798 S.W.2d 87

Supreme Court of Arkansas
Opinion delivered November 5, 1990

*Jack M. Lewis*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellant was convicted of the manufacture of a controlled substance, possession of a controlled substance, being a felon in possession of a firearm, criminal possession of explosives, and criminal possession of a firearm. We affirm the judgment of conviction.

Appellant's first argument is that he was arrested by an officer who did not meet the qualifications of the Commission on Law Enforcement Standards and, therefore, all of the evidence gathered after his arrest should have been suppressed. Appellant was in fact arrested by an officer who did not meet the Commission's standards. However, that officer only arrested the appellant for a traffic violation. He did not do anything else. All later actions which resulted in obtaining evidence were taken by qualified officers.

Ark. Code Ann. 12-9-108(a) (1987), as written at the time of arrest, provided:

(a) A person who does not meet the standards and qualifications set forth in this subchapter or any made by the Arkansas Commission on Law Enforcement Standards and Training shall not take any official action as a police officer, *and any action taken shall be held as invalid.*

(Emphasis added.) As a direct result of this statute, we have held that a citation which was issued by an unqualified officer was invalid. *Grable* v. *State*, 298 Ark. 489, 769 S.W.2d 9 (1989). The charging instrument for the felonies now on appeal was a prosecutor's information, not an officer's citation, so we are not concerned with the validity of the charging instrument. See also *Ellis* v. *State*, 302 Ark. 597, 791 S.W.2d 370 (1990), and *Huls* v. *State*, 301 Ark. 572, 785 S.W.2d 467 (1990). The issue now before us is whether the exclusionary rule should be applied. Application of the rule would require the suppression of all evidence obtained after the arrest by the unqualified officer.

The exclusionary rule is designed to deter unlawful police conduct. It compels respect for the Fourth Amendment by removing the incentive to disregard it. *Elkins* v. *United States*, 364 U.S. 206, 217 (1960). Here, we are not dealing with unlawful police conduct which constitutes a violation of the Fourth Amendment and, accordingly, we are not compelled by federal law to apply the rule. Still, we may apply it as a matter of state law if we deem it proper. See *State* v. *Shepherd*, 303 Ark. 447, 798 S.W.2d 45 (1990). In this case, we do not think it is fitting to apply the exclusionary rule on state grounds. The goal of the statute at issue is to compel police department administrators to check the backgrounds of those seeking to become officers, and to hire only psychologically qualified persons to serve as policemen. It is a statute which deals with standards for employment. It is not a statute which deals with police conduct. The goal of this statute and the goal of the exclusionary rule are different. Therefore, we decline to apply the exclusionary rule on state grounds. See *Cherry* v. *State*, 302 Ark. 462, 791 S.W.2d 354 (1990).

In addition, we are persuaded that the language of the statute mandates the result we reach. The statute provides that action taken by an unqualified person "shall be held as invalid." It does not indicate that actions taken by others should be held invalid or that an exclusionary rule should be applied. Accord-

ingly, we hold there is no merit in appellant's primary point of appeal.

■ Appellant next argues that his arrest for a traffic violation was merely a pretext for an otherwise illegitimate search. See *Richardson* v. *State*, 288 Ark. 407, 706 S.W.2d 363 (1986). We do not reach this assignment of error as it was not raised below. The appellant filed two motions alleging that his confession should be suppressed because the arresting officer had neither a warrant nor probable cause to arrest him. The trial judge held an omnibus hearing, heard the evidence that the violations were committed in the officers' presence and declined to suppress the confession on the basis argued. There was neither a motion nor an argument in which the appellant informed the trial court he was claiming the arrest was merely a pretext for an otherwise unlawful search. Naturally, the trial court did not rule on such an issue. As a general rule, we only reverse a trial court for erroneous rulings. Since the issue was not brought to the attention of the trial court, and since the trial court did not rule on it, we will not consider it on appeal. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

For his third assignment of error, appellant contends that the trial court erred in refusing to suppress evidence that the State withheld from discovery. He contends that the State failed to produce the arresting officer's personnel file, failed to produce a consent to search form, and failed to disclose a vial of methamphetamine.

■ In a puzzling ruling, the trial court held that the appellant could not examine the arresting officer's personnel file to determine whether the officer met the standards, and then ruled that the officer met the standards. Such a ruling is undeniably erroneous. However, appellant suffered no prejudice as a result of the ruling as he was still able to show through cross-examination that the arresting officer did not meet the employment standard.

■ Appellant was provided the consent to search form at the omnibus hearing, which was almost seven months before trial. He fails to show how he was prejudiced in any manner by the State's failure to produce the form prior to that date.

■ The vial of methamphetamine was admitted into evidence at transcript page 477 over defendant's objection based on the chain of custody. It was not until much later, at page 520, that appellant objected that the State had not disclosed the vial. The trial judge responded that the vial of methamphetamine was already in evidence. That ruling was correct for two reasons. First, a party has a duty to make a timely and complete objection to the admission of evidence. *Dumond* v. *State*, 290 Ark. 595, 721 S.W.2d 663 (1986). Appellant's objection on the basis of non-disclosure was not timely. Second, it appears that the State had disclosed to the appellant the information that it had the vial of methaphetamine.

Appellant next argues that the trial court erred in not suppressing his confession. The argument is broken into three sub-parts. One of the sub-arguments is that appellant was not promptly taken before a magistrate in compliance with A.R.Cr.P. Rule 8.1. The argument was not made below and, therefore, is not preserved for appeal. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

■ The second of the sub-arguments seems to be that appellant did not waive his *Miranda* rights because he did not sign the *Miranda* form, rather he only initialed each right. On appellate review, this Court independently reviews the totality of the circumstances surrounding a confession to determine whether an accused knowingly, voluntarily, and intelligently waived his constitutional rights, *Branscomb* v. *State*, 299 Ark. 482, 774 S.W.2d 426 (1989). The trial court's determination of these matters will be reversed only if it is clearly against the preponderance of the evidence. *Branscomb, id.* In reviewing rulings on the suppression of evidence, we view the evidence in the light most favorable to the State. *Russell* v. *State*, 295 Ark. 619, 751 S.W.2d 334 (1988). Here, the *Miranda* form contained an express waiver of rights and, according to all of the testimony, an officer read the form to appellant, and appellant understood it before he initialed it. We cannot say that the trial court's finding that the waiver of rights was voluntary was clearly erroneous.

■ Appellant's third sub-argument it is that his statement was involuntary because it was given as a result of a false promise. See *Davis* v. *State*, 275 Ark. 264, 630 S.W.2d 1 (1982).

The officer involved testified that he understood that a third person had a working or active methamphetamine laboratory in the area. The officer stated that such operations were dangerous, and he wanted to find it, arrest the operator, and close it. He told appellant that if he would lead them to the working laboratory no charge would be filed against his wife. Appellant agreed. It does not appear that appellant's confession was given in response to this offer, but even if it had been, appellant was not misled. He did not take the police to the working laboratory. He only showed the police an empty storeroom where, he said, a laboratory had previously been located. The police did not mislead him with a false promise. Rather, the appellant, a felon, tried to "con" the police. See *Davis* v. *State, id.* Thus, the trial court did not err in admitting the confession.

Appellant's next argument is that he was convicted of a greater offense than that with which he was charged. The factual background for the argument is as follows. The appellant was originally charged by information with manufacture of a controlled substance on February 12, 1989. The prosecutor then amended the information in order to change the alleged date of the crime to September 1988 through February 1989, but by clerical mistake reduced the charge to possession of a controlled substance. Later, he sought to correct his mistake by amendment, but filed another information alleging possession only. The trial court granted the State leave again to amend the charge to manufacture of a controlled substance, but for some reason the State did not do so. The State put on its case as though it had amended again to charge manufacture, and, at the close of the State's case, the defendant moved for a directed verdict on the charge of manufacture of a controlled substance. The motion was made on the basis of lack of evidence rather than on the offense not being charged in the information. The instructions were prepared and given to the jury on the manufacture of a controlled substance. There was no objection. The jury returned a verdict of guilty of manufacturing. The appellant, for the first time on appeal, argues that he has been convicted of a greater crime than that with which he was charged.

In *Dunn* v. *United States*, 442 U.S. 100, 106 (1979), the Court wrote:

To uphold a conviction on a charge that was neither alleged in an indictment nor presented to a jury at trial offends the most basic notions of due process. Few constitutional principles are more firmly established than a defendant's right to be heard on the specific charges of which he is accused. See *Eaton* v. *Tulsa*, 415 U.S. 697, 698-699 (1974) (*per curiam); Garner* v. *Louisiana*, 368 U.S. 157, 163-164 (1961); *Cole* v. *Arkansas*, 333 U.S. 196, 201 (1948); *De Jonge* v. *Oregon*, 299 U.S. 353, 362 (1937).

██ In *Cole* v. *Arkansas*, 333 U.S. 196, 201 (1948), the court wrote "[i]t is as much a violation of due process to send an accused to prison following conviction of a charge on which he was never tried as it would be convict him upon a charge that was never made." *Accord: Robbins,* v. *State*, 219 Ark. 376, 242 S.W.2d 640 (1951); Ark. Code Ann. § 16-89-126(e)(1) (1987). The only question is whether an objection was necessary to preserve the issue. An objection was necessary. *Wicks* v. *State*, 270 Ark. 781, 606 S.W.2d 366 (1980). Even constitutional issues will not be considered when raised on appeal for the first time. *Smith* v. *State*, 296 Ark. 451, 757 S.W.2d 554 (1988). Here, defense counsel had an opportunity to object, as he was aware of the instruction and form of the verdict, but he did not do so. Had he done so, the trial court probably would have allowed an amendment of the information by interlineation. Thus, the appellant has suffered no real prejudice.

Appellant's final argument is that the Double Jeopardy Clause was violated by his conviction for both felon in possession of a firearm and criminal use of a prohibited weapon. The argument was not made below, and we will not consider it for the first time on appeal.

Affirmed.