Ken Duane KITTLER *v.* STATE of Arkansas

CR 90-231                                    802 S.W.2d 925

Supreme Court of Arkansas
Opinion delivered January 22, 1991

*Boyd A. Tackett, Jr.*, for appellant.

*Ron Fields*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Ken Duane Kittler, appeals a judgment convicting him of burglary and theft of property and sentencing him as an habitual offender to two consecutive forty-year sentences. Appellant makes two claims on this appeal. First, appellant contends that his counsel should have been allowed to examine the arresting officers' personnel files and that evidence admitted during their testimonies should have been suppressed. Second, appellant contends that he should not have been sentenced pursuant to the habitual criminal statute. We disagree with appellant's contentions and affirm the judgment of conviction.

Appellant's first claim is that he should have been allowed to examine the personnel files of the officers who arrested him in order to determine their compliance with the regulations promulgated by the Commission on Law Enforcement Standards and Training as required by the Law Enforcement Officer Training and Standards Act. Appellant argues, as stated in his brief, that "the officers [sic] actions were tainted because of non-compliance with the aforementioned statute [Ark. Code Ann. § 12-9-108(a) (1987)] and therefore any evidence introduced by said officer was 'fruits of the poison tree' [sic]."

Appellant makes this claim, yet he does not identify the particular arresting officer or officers about whom he complains. Our review of the transcript reveals that several law enforcement officials participated in appellant's arrest and that at least one of them, Faulkner County Deputy Sheriff Jerry Bradley, was properly qualified to make a valid arrest.

Ark. Code Ann. § 12-9-106(e)(1) (1987) provides that any law enforcement officer already serving under full-time permanent employment on December 31, 1977, is not required to meet the statutory training requirements or other qualifications re-

quired by the Arkansas Commission on Law Enforcement Standards and Training. At a pretrial hearing Deputy Bradley testified that he was indeed a certified law enforcement officer and that he was so employed prior to December 31, 1977. After considering the foregoing statutory exception and the deputy's testimony, the trial court held Deputy Bradley to be a qualified law enforcement officer. We find no error in the trial court's holding.

■■ Because we conclude that Deputy Bradley was an authorized law enforcement officer who was present in his official capacity and participated in appellant's arrest, we need not consider the qualifications of any other officers who were also present. In *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990), we held that actions taken by an unqualified officer did not invalidate actions taken by a qualified officer.

■ With respect to the suppression issue in appellant's claim, we note that *Moore* went on to hold that the exclusionary rule should not be applied in a situation involving both qualified and unqualified officers. In declining to apply the exclusionary rule, we reasoned in *Moore* that:

> The exclusionary rule is designed to deter unlawful police conduct. It compels respect for the Fourth Amendment by removing the incentive to disregard it. *Elkins* v. *United States*, 364 U.S. 206, 217 (1960). Here, we are not dealing with unlawful police conduct which constitutes a violation of the Fourth Amendment and, accordingly, we are not compelled by federal law to apply the rule. Still, we may apply it as a matter of state law if we deem it proper. See *State* v. *Shepherd*, 303 Ark. 447, 798 S.W.2d 45 (1990). In this case, we do not think it is fitting to apply the exclusionary rule on state grounds. The goal of the statute at issue is to compel police department administrators to check the backgrounds of those seeking to become officers, and to hire only psychologically qualified persons to serve as policemen. It is a statute which deals with standards for employment. It is not a statute which deals with police conduct. The goal of this statute and the goal of the exclusionary rule are different. Therefore, we decline to apply the exclusionary rule on state grounds. See *Cherry* v.

*State*, 302 Ark. 462, 791 S.W.2d 354 (1990).

*Moore*, 303 Ark. at 517, 798 S.W.2d at 89-90.

The reasoning and result reached in *Moore* are applicable to this case. Accordingly, we decline to hold that any evidence obtained as a result of appellant's arrest should be suppressed.

We think the result we reach here in declining to suppress evidence is particularly appropriate in that appellant has failed to produce a record on appeal indicating that any evidence obtained from his arrest was ever admitted at his trial. We note that it is appellant's burden to produce a record sufficient to show that reversible error has occurred. *Evans* v. *State*, 271 Ark. 775, 610 S.W.2d 577 (1981).

■■ Appellant calls our attention to the trial court's ruling which denied his request to examine the arresting officers' personnel files but then held the officers to be properly qualified. In *Moore* v. *State*, 303 Ark. 514, 798 S.W.2d 87 (1990), this court stated such a ruling was erroneous. However, there was no prejudice to appellant in *Moore* as the officer's lack of qualification was elicited through cross-examination. We note that here, as in *Moore*, there was no prejudice to appellant. In both cases, the officer's compliance or non-compliance with the standards was established through testimony. There must be a showing of prejudice in order to find grounds for reversal of a conviction. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied*, 470 U.S. 1085 (1985).

■■ Appellant's second claim on appeal is that he should not have received an extended term of imprisonment because he was never charged pursuant to the habitual offender statute, Ark. Code Ann. § 5-4-501 (1987). While it is true that appellant's right to due process of law requires that he receive notice prior to trial of the filing of an habitual offender charge, *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977), it is also true that a denial of any right, even a constitutional one, must be objected to at trial to be preserved for appeal. *Barnes* v. *State*, 294 Ark. 369, 742 S.W.2d 925 (1988). We note that appellant was indeed on notice that the state intended to proceed against him as an habitual offender. In fact, appellant argued to the trial court that the act itself was unconstitutional for other reasons which the trie 1 court

rejected. An objection must be sufficiently specific to apprise the trial court as to the particular error complained of in order to preserve the right to appellate review. *Crafton* v. *State*, 274 Ark. 319, 624 S.W.2d 440 (1981). Appellant never made a denial of due process objection at trial and he cannot now seek review of such a denial for the first time on appeal. *Parette* v. *State*, 301 Ark. 607, 786 S.W.2d 817 (1990).

Affirmed.