Derek Charles COLEMAN *v.* STATE of Arkansas

CR 93-17                                          860 S.W.2d 747

Supreme Court of Arkansas
Opinion delivered September 13, 1993

144

*Therese H. Green*, Public Defender, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

■ DAVID NEWBERN, Justice. Derek Charles Coleman was convicted of first degree murder and sentenced to life imprisonment for shooting David Stewart to death at Big Daddy's Lounge in Jericho. His two points of appeal are that the Trial Court erred in overruling his directed verdict motion at the conclusion of the State's case and again after all the evidence had been presented. We affirm summarily on the first point as a defendant waives his directed verdict claim, made at the close of the State's case, by presenting further evidence. *Crawford v. State*, 309 Ark. 54, 827 S.W.2d 134 (1992); *Rudd v. State*, 308 Ark. 401, 825 S.W.2d 565 (1992). We hold the second motion was properly overruled, and thus the conviction is affirmed.

On the night of November 29, 1991, David Stewart was at Big Daddy's Lounge with friends. Derek Coleman was there. An argument arose concerning Stewart's coat. A scuffle began, and as Stewart was being held by two men and beaten by a third, Coleman approached holding a twenty-five caliber automatic pistol. The gun discharged, striking Stewart in the chest.

Coleman was not at the scene when the police arrived, but the next day he surrendered voluntarily and directed the police to the hidden pistol.

The State Medical Examiner testified Stewart died from a gunshot wound to the chest. The State's firearms expert testified the bullet that killed David Stewart was fired from the pistol retrieved by the police. Witnesses said they saw Coleman shoot

Stewart.

## Sufficiency of the evidence

■ A directed verdict motion is a challenge to the sufficiency of the evidence. *Friar v. State*, 313 Ark. 253, 854 S.W.2d 318 (1993). The standard of review when the motion has been overruled is whether there was substantial evidence to support the verdict. *Friar v. State, supra; Ricketts v. State*, 292 Ark. 256, 729 S.W.2d 400 (1987). Substantial evidence is "evidence that is of sufficient certainty and precision to compel a conclusion one way or another, forcing or inducing the mind to pass beyond a suspicion or conjecture." *Cigainero v. State*, 310 Ark. 504, 506, 838 S.W.2d 361, 363 (1992). In determining whether substantial evidence exists, the Court reviews the evidence in a light most favorable to the appellee. *Abdullah v. State*, 301 Ark. 235, 783 S.W.2d 58 (1990).

Coleman argues the evidence was insufficient to demonstrate that he acted with the "purpose of causing the death of another person," an element of first degree murder. Ark. Code Ann. § 5-10-102(a)(2) (Supp. 1991).

Ulyses Taylor, proprietor of Big Daddy's, testified that, as he tried to break up the scuffle involving Stewart, Coleman reached over Taylor's shoulder, pointed the gun at Stewart, and fired. The testimony of the medical examiner and the firearms examiner conclusively linked that shot to Stewart's death.

Coleman testified without contradiction that he did not know Stewart or the others involved in the scuffle and was not involved in it. He said he found the pistol on the floor during the scuffle, picked it up, and it discharged as he was struck from behind.

■ It is the jury's duty to resolve contradictions and conflicts in testimony. In doing so, the jury may accept testimony it believes to be true and disregard testimony it believes is false. *Abdullah v. State, supra*. The jury could reasonably conclude the shooting of David Stewart was not an accident.

■■ On appeal we view only the evidence which is most favorable to the jury's verdict and do not weigh it against other conflicting proof favorable to the accused. *Ricketts v. State,*

*supra; Westbrook v. State,* 286 Ark. 192, 691 S.W.2d 123 (1985). The jury may infer intent "from the type of weapon used, the manner of its use, and the nature, extent, and location of the wounds." *Williams v. State,* 304 Ark. 509, 513, 804 S.W.2d 346, 348 (1991)(citing *Garza v. State,* 293 Ark. 175, 735 S.W.2d 702 (1987)). David Stewart was shot as he was being restrained during a fight. He was shot at close range with a twenty-five caliber automatic pistol. He was shot in the chest, near the heart. From the circumstances of this shooting, it was reasonable to conclude that Derek Coleman shot David Stewart with the purpose of killing him.

The record has been examined in accordance with Ark. Sup. Ct. R. 4-3(h), and it has been determined that there were no rulings adverse to the Appellant which constituted prejudicial error.

Affirmed.