Gary D. PIERCEFIELD *v.* STATE of Arkansas

CR 93-646                                                871 S.W.2d 348

Supreme Court of Arkansas
Opinion delivered February 28, 1994

*Rex W. Chronister, P.A.*, by: *Andrew A. Flake*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. Gary D. Piercefield appeals from a conviction for Possession of Methamphetamine with the intent to distribute. His first point on appeal challenges the sufficiency of the evidence. Due to the overwhelming and uncontested evi-

dence presented by the State, we hold the evidence to be sufficient. He also challenges the Trial Court's admission into evidence of two bags of methamphetamine and his statement to the effect that he was the owner of the bags. The Trial Court correctly denied the motions to suppress. Mr. Piercefield further claims the Trial Court erred by admitting hearsay testimony. The testimony complained of does not meet the definition of hearsay and was properly allowed. The conviction is affirmed.

On the night of June 20, 1992, Mr. Piercefield was driving his motorcycle down the highway. A police officer, alerted by the weaving of the motorcycle, attempted to stop him. Mr. Piercefield did not heed the officer's blue lights and sped away at speeds in excess of 100 miles per hour. He did not stop until he ran off into a ditch.

The pursuing officer, during his inspection of the wrecked motorcycle, discovered two packets of white powder approximately five steps from the motorcycle. Mr. Piercefield was arrested and taken to a hospital for treatment of his injuries. Upon his release from the hospital, approximately three and one-half hours later, he was given his *Miranda* warnings. He agreed to waive his rights and confessed to owning the bags of white powder, which contained almost two ounces of nicotinamide vitamin and methamphetamine. The bags of methamphetamine and the admission of ownership were allowed into evidence at the trial over Mr. Piercefield's objection.

## 1. Sufficiency of the evidence

Mr. Piercefield moved for a directed verdict at the close of all the evidence on the ground that he possessed less than one ounce of methamphetamine, that the State had not produced any other evidence of intent to deliver, and that the evidence presented was insufficient to support the verdict.

The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Thomas* v. *State*, 312 Ark. 158, 847 S.W.2d 695 (1993). Substantial evidence is evidence that is of sufficient certainty and precision to compel a conclusion one way or another. *Coleman* v. *State*, 314 Ark. 143, 860 S.W.2d 747 (1993). In determining whether substantial evidence exists, we

review the evidence in the light most favorable to the appellee. *Id.* Under Ark. Code Ann. Sec. 5-64-401(a)(i), the measurable amount of the methamphetamine for the purpose of inferring intent includes the amount of the pure drug plus all adulterants.

The fact that the bags of methamphetamine were not found on Mr. Piercefield's person is only some evidence whether the appellant possessed them. The only issue concerning possession before the Trial Court was one of credibility. That was for the jury to decide. *Urquhart* v. *State*, 273 Ark. 486, 621 S.W.2d 218 (1981). Intent may be inferred under Ark. Code Ann. §5-64-401(d) (Supp. 1993) from the fact that Mr. Piercefield possessed more than 200 milligrams of a stimulant drug. The evidence presented is sufficient to affirm the Trial Court's denial of the motion for directed verdict.

## 2. Hearsay

Mr. Piercefield contends the Trial Court erred by allowing a witness for the State to give hearsay testimony based on Mr. Piercefield's medical records. This objection stems from the fact that the Trial Court allowed officer Machund to give testimony concerning whether or not he believed Mr. Piercefield had suffered a head injury after he admitted he had looked at the medical records.

Arkansas R. Evid. 801 defines hearsay as "a statement other than one made by the declarant while testifying at the trial or hearing, offered in evidence as truth of the matter asserted." After ascertaining that the officer had seen Mr. Piercefield's medical record at the hospital, the prosecutor began a question as follows, "Based on what you have seen, read and heard, and been told —." The question was interrupted by objection. The Trial Court, at the bench cautioned that it sounded like the prosecutor was about to elicit hearsay. The question was rephrased, "Do you have any reason to believe that Mr. Piercefield suffered from any sort of head injury that night?" The testimony did not fit the basic definition of hearsay. The witness did not say what was said in the medical records. While it could be inferred that he was basing his opinion in part on the medical records, the statement was not one made by other than the declarant.

### 3. Suppression of the confession

Mr. Piercefield asserts that the State did not meet its burden of proving that the in-custody statement was given knowingly, intelligently and voluntarily. He argues he was incapable of a knowing and voluntary waiver due to his confused mental state.

At trial, the burden is upon the State to demonstrate that a defendant knowingly and voluntarily waived his rights. *Bogard* v. *State*, 311 Ark. 412, 414, 844 S.W.2d 347, 349 (1993). This Court independently reviews the totality of the circumstances surrounding a confession to determine if the accused knowingly, voluntarily, and intelligently waived his constitutional rights. *Moore* v. *State*, 303 Ark. 514, 519, 798 S.W.2d 87, 91 (1990). The Trial Court's determination will be reversed only if it is clearly against the preponderance of the evidence. *Id.* The evidence presented at trial will be viewed in the light most favorable to the State. *Id.*

The State's evidence consisted of a form initialed and signed by Mr. Piercefield which waived his *Miranda* rights, testimony from two police officers that Mr. Piercefield was coherent when he signed the form some three and one-half hours after the accident, and testimony from officers that he admitted possession and ownership of the bags of methamphetamine after his rights were explained to him and after he signed the waiver.

Mr. Piercefield did not introduce any evidence to controvert that produced by the State. Given the totality of the circumstances, the Trial Court's finding of a knowing and intelligent waiver was not against the preponderance of the evidence.

### 4. Suppression of evidence

Mr. Piercefield objected to the admission of the two bags of methamphetamine on the ground that the arresting officer made an illegal stop which should have resulted in the suppression of any evidence produced from the stop. He states, without citation to any authority, that because there was no violation of a statute prior to the officer's attempt to stop him, the stop was illegal and the evidence obtained due to the arrest should have been suppressed.

■ An officer does not have to witness the violation of a statute in order to stop a suspect. *Smith* v. *State*, 301 Ark. 569, 785 S.W.2d 465 (1990). The authority for this holding is found in Ark. R. Crim. P. 3.1. Under this rule, a law enforcement officer may stop and detain any person who he reasonably suspects is committing, has committed, or is about to commit (1) a felony or (2) a misdemeanor involving danger of forcible injury or damage to property.

■ The arresting officer noticed the motorcycle weaving from the centerline of the highway to the shoulder. The officer noted that it was a late hour and was concerned that the driver might be driving while intoxicated. Under these conditions, the arresting officer had a reasonable suspicion to stop the appellant, to say nothing of the fact that when ultimately "stopped" and approached by Officer Machund, Mr. Piercefield had been observed driving far in excess of the speed limit.

Affirmed.

CORBIN, J., not participating.