
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–285

| | |
|---|---|
| | **Opinion Delivered** October 2, 2013 |
| ROBERT DAMIN CASSINELLI<br>APPELLANT | APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. CR–12-295] |
| V. | |
| | HONORABLE JOHN HOMER<br>WRIGHT, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

## KENNETH S. HIXSON, Judge

Appellant Robert Damin Cassinelli entered a conditional guilty plea to driving while intoxicated, second offense, following the denial of his motion to suppress the evidence gained upon stopping his vehicle in Hot Springs, Arkansas, in the early morning hours of November 28, 2011. His conditional guilty plea followed the requirements of Ark. R. Crim. P. 24.3, and he filed a timely notice of appeal. Appellant contends that the trial court clearly erred in denying his motion because the police lacked probable cause to stop his vehicle. We affirm.

In reviewing the denial of a motion to suppress, we conduct a de novo review based on the totality of the circumstances, giving respectful consideration to the findings of the trial judge and reversing only if the circuit court's denial of the motion is clearly against the preponderance of the evidence. *Mitchell v. State*, 2012 Ark. App. 128. In order for a police officer to make a traffic stop, he must have probable cause to believe that the driver of the

vehicle has violated a traffic law. *Id.* Probable cause is defined as facts or circumstances within a police officer's knowledge that are sufficient to permit a person of reasonable caution to believe that an offense has been committed by the person suspected. *Id.* In assessing the existence of probable cause, our review is liberal rather than strict. *Id.* Whether a police officer has probable cause to make a traffic stop does not depend on whether the driver was actually guilty of the violation that the officer believed to have occurred. *Id. See also Barrientos v. State*, 72 Ark. App. 376, 39 S.W.3d 17 (2001). So long as an officer observes a traffic violation that would lawfully permit him to stop a vehicle, the stop will not be invalidated on "pretext" grounds even if the officer wanted to follow the driver until a traffic violation occurred. *State v. Mancia-Sandoval*, 2010 Ark. 134, 361 S.W.3d 835.

Defense counsel filed a motion to suppress, asserting that "no probable cause existed for a traffic stop," and that his client "is not guilty of any traffic violation." The testimony gleaned at the suppression hearing included that of off-duty Hot Springs Police Officer Fred Thornton, who was driving on Central Avenue between 4:30 and 5:00 a.m. when he came to a stop light at an intersection. Thornton observed a dark-colored Mercedes–Benz SUV situated about three car lengths back from the normal stopping place at the stop light. Thornton stated that after the light turned green and he proceeded, the Mercedes stayed in place for at least fifteen seconds. Thornton watched in his rearview mirror after the Mercedes began to move, he saw it weave between the left and right lanes, and due to the speed it gained, he was concerned that the Mercedes would hit his vehicle from behind at the next red light, but it did not. Thornton saw the Mercedes turn behind him. Concerned that this

2

might be a drunk-driving situation, Thornton spoke with Officer Frederick Stang, who was working the 6:00 p.m. to 6:00 a.m. shift.

Thornton advised Stang that he should be on the lookout for a dark Mercedes SUV, near the Exchange/Prospect area moving in a westerly direction. There was very little traffic at that time of morning. About a minute later, Stang observed a dark Mercedes SUV cross both lanes of traffic and onto the shoulder in a left turn onto Hobson Avenue, a two-lane one-way street. Stang said it was concerning that the driver could not keep the vehicle in the proper lane for the turn or keep it on the roadway. Stang followed for another couple blocks, observing the Mercedes make a wide right turn onto Fifth Street, crossing over to the left side, "on the wrong side of the street." At that point, Stang initiated a traffic stop, leading to appellant's arrest for DWI.

Appellant testified in his own defense, stating that his girlfriend was driving during the period of time that the off-duty officer saw his vehicle, and that after he dropped her off, he did not commit any traffic violations. Appellant stated that he used his turn signals, that there was no other traffic, and that it was prudent for him to stay in the middle of the street to avoid parked cars. He denied making an improper wide right turn on Fifth Street.

Both defense counsel and the State tendered letter briefs for the trial court's consideration. Both asserted that the moving violation at issue, as observed by Stang, would be determined by application of Ark. Code Ann. § 27-51-401, titled "Turning at intersections." The State added that the observations would also support a finding of

SLIP OPINION

reasonable suspicion of driving while intoxicated sufficient to justify an investigatory stop of the vehicle.

The trial court denied the motion to suppress, finding that off-duty Officer Thornton's observations of improper driving alone would justify the stop on a reasonable suspicion of impairment, but that Officer Stang also independently witnessed two additional actions that justified this traffic stop on reasonable suspicion of impairment. Appellant asserts that the trial court clearly erred, contending that Stang's description of the two turns were merely "an excuse to stop" the vehicle without any basis in fact. He cites case law to support his position that unsupported tips from informants are not sufficient to justify an investigatory stop, and to out-of-state case law supporting his assertion that mere moving violations are not a sufficient basis to stop a vehicle without proof that safety issues are involved. We disagree that he has demonstrated clear error.

Whether appellant was actually guilty of violating the statute on making turns at intersections is not the issue. *Hinojosa v. State*, 2009 Ark. 301, 319 S.W.3d 258. The issue is whether there were facts or circumstances known to Stang that were sufficient to permit a person of reasonable caution to believe that the driver committed the moving violation of making an improper turn, sufficient to support stopping the vehicle. *See Burks v. State*, 362 Ark. 558, 210 S.W.3d 62 (2005); *Travis v. State*, 331 Ark. 7, 959 S.W.2d 32 (1998); *Powell v. State*, 2013 Ark. App. 322, __ S.W.3d __. The trial court would have been correct to deny this motion to suppress solely on the basis that Stang had probable cause to believe that the driver committed a moving violation.

SLIP OPINION

The trial court went further, though, and found there to be a reasonable suspicion of impaired driving, which is also not clearly erroneous. *See Mosley v. State*, 2009 Ark. App. 799, 370 S.W.3d 273 (vehicle observed in early morning hours speeding up, slowing down, pulling over to the side of the road twice, leading to reasonable suspicion of driving under the influence); *McConnell v. State*, 85 Ark. App. 77, 146 S.W.3d 370 (2004) (report of erratic driving was sufficient basis for reasonable suspicion of impaired driving to support stop of vehicle under Ark. R. Crim. P. 3.1); *see also Hoay v. State*, 348 Ark. 80, 71 S.W.3d 573 (2002) (weaving across road lines); *Piercefield v. State*, 316 Ark. 128, 871 S.W.2d 348 (1994) (weaving from centerline to shoulder of road at late hour). We must view the determination of probable cause and reasonable suspicion liberally, and on the totality of circumstances here, we cannot say that the trial court clearly erred in denying the motion to suppress. *See Frette v. City of Springdale*, 331 Ark. 103, 959 S.W.2d 734 (1998); *Mosley v. State*, *supra*.

Affirmed.

GRUBER and WOOD, JJ., agree.

*Lawrence C. Honeycutt*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rebecca B. Kane*, Ass't Att'y Gen., for appellee.