Cite as 2020 Ark. App. 12

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-19-395

| | | |
|---|---|---|
| | | **Opinion Delivered** January 15, 2020 |
| ANDREW CHILDERS | APPELLANT | APPEAL FROM THE JOHNSON COUNTY CIRCUIT COURT [NO. 36CR-18-278] |
| V. | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE WILLIAM M. PEARSON, JUDGE |
| | | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## BRANDON J. HARRISON, Judge

Andrew Childers was convicted by a jury of possession of a controlled substance. On appeal, Childers's counsel has filed a no-merit brief, along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. Childers was provided with a copy of counsel's motion and brief and was informed of his right to submit pro se points for reversal in accordance with Rule 4-3(k)(2) of the Arkansas Rules of the Supreme Court, but no pro se points have been filed. We affirm and grant the motion to withdraw.

In August 2018, Childers was charged with possession of a controlled substance and possession of a firearm by certain persons.[1] In January 2019, Childers moved to exclude the

---

[1]The charge of possession of a firearm by certain persons was later nolle prossed.

recording of a phone call made to 911 by Childers prior to his arrest or, in the alternative, for a continuance.

At a jury trial held on January 24, Stephanie Herring, a 911 coordinator, testified that she had been asked to retrieve the recording of a 911 call made by Childers on 26 July 2018. On that call, Childers reported that there "[s]eems to be a Mexican gang around my house lighting dynamite and threatening me."

Officer Jonia Smith testified that on 26 July 2018, he responded to a report of a possible residential burglary in which the victim had shot at some subjects trying to break into his house. When he arrived at the reported address, he saw "three suspected bullet holes through the residence," which he believed resulted from the shots fired at the alleged intruders. A man, later identified as Childers, came to the door, and Smith observed that he was "extremely sweaty and his pupils were darting back and forth. He could not keep still." Smith also said that Childers "seemed confused" and "couldn't believe I didn't see them." Smith believed that Childers was under the influence of a narcotic, specifically a stimulant, and he was placed under arrest for communicating a false alarm. Smith testified that he considered Childers a danger to his neighbors at that point because he had fired shots, and he (Smith) thought Childers should be mentally evaluated.

After Childers was transported to the detention center, Smith saw the jailer conduct a pat-down search of Childers. Smith said that as the jailer pulled the front of Childers's shirt to check for weapons, "a baggie fell down to the floor. And when that happened, Mr. Childers said, 'Well, that ain't mine but it sure fell out of my crotch.'" The state crime lab later determined that the baggie contained .7208 grams of methamphetamine.

2

After the State rested, Childers moved for a directed verdict, arguing that due to Childers's state of mind, he had not knowingly possessed the methamphetamine. The motion was denied.

Childers testified that he is seventy-six years old and that he had made several 911 calls on July 26. He denied saying anything about the "Mexican Mafia" but did admit that he had "hallucinated that day Muslins [sic] were invading Ozone." He also admitted shooting at these imagined invaders, causing the bullet holes. Childers said that he had been sweaty because it was July and that his pupils had been dilated probably due to the medication he had been taking. He testified that he had been taking prescription medication for anxiety and depression and that he had started hallucinating, specifically seeing "people in the trees around [his] house" after starting the medication. He also said he took medications for arthritis, blood pressure, and cholesterol. He denied ever using illegal drugs and said he had not used any methamphetamine on July 26. He acknowledged possibly drinking alcohol that night. According to Childers, when the baggie fell on the floor during intake, he said, "Whatever it is, that would be mine." But he denied ever having methamphetamine in his possession.

At the close of the defense's case, Childers renewed his motion for directed verdict, which was denied. The jury found Childers guilty of possession of a controlled substance, and he was sentenced to thirty days' incarceration and three years' probation.

Childers's attorney has filed a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Ark. Sup. Ct. R. 4–3(k) (2019), along with a motion to withdraw as counsel, asserting that there is no issue of arguable merit for an appeal. A request to

3

withdraw on the ground that the appeal is wholly without merit must be accompanied by a brief that contains a list of all rulings adverse to appellant and an explanation as to why each ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 4-3(k)(1). The brief must contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*.

Counsel first addresses the motion to exclude the recorded phone call or, alternatively, a motion for continuance. It appears from the record that the motion was never ruled on, but according to counsel, "it was retracted by defense counsel prior to the commencement of the trial, although not on the record." Thus, it does not constitute a ruling adverse to Childers.

Counsel next discusses two hearsay objections the State made during Childers's cross-examination of Officer Smith. Both objections stemmed from defense counsel's questions based on a prisoner-intake officer questionnaire. The court sustained both objections and did not allow the document into evidence, but it did allow the document to be used to refresh the officer's memory. On appeal, counsel explains that the rulings are not meritorious grounds for reversal because even if the document had been admitted, it would not have provided additional evidence for the jury to consider. Officer Smith had already testified about his observations of Childers's behavior and admissions, and Childers later testified about his medications and any admissions he had made.

The next adverse ruling was an objection to opinion testimony that was overruled by the court. Defense counsel objected to Officer Smith's testifying to his conclusions based

on his police training and Childers's behavior. The court ruled that "if he starts making medical diagnoses and all of that, then remind me and I'll sustain but for now, I'll overrule your objection." On appeal, counsel explains that this ruling is not a meritorious ground for reversal because even if it was incorrect, it was harmless error. Officer Smith had already testified to Childers's behavior and to his conclusion (that Childers was under the influence of a stimulant) based on his observation of that behavior. Counsel notes that "[w]hether or not the Appellant was under the influence of methamphetamine during his intake would not have had any bearing on the credibility of Officer Smith's testimony regarding the circumstances of the intake and the manner in which the methamphetamine was found."

Counsel next discusses Childers's first motion for directed verdict, which argued that Childers had not been aware that he had methamphetamine in his possession. Counsel explains that the denial of the motion for directed verdict does not provide a meritorious ground for reversal because there was substantial evidence to support the jury's verdict. Officer Smith testified that he was present during the search of Childers's person and that he saw the baggie fall from Childers's waistband area. He also testified that Childers identified the baggie as falling "out of my crotch." The State also presented evidence that the substance in the baggie was less than two grams of methamphetamine. Counsel asserts that control and knowledge can be inferred from the circumstances, *Loggins v. State*, 2010 Ark. 414, 372 S.W.3d 785, and that "[t]he jury could reasonably consider the credibility of Officer Smith's testimony regarding the methamphetamine being seen falling from the Appellant's person and could reasonably infer knowledge based on that evidence."

5

Next, counsel explains that the circuit court sustained an objection made by the State during defense counsel's questioning of Childers. Defense counsel asked Childers where he thought the methamphetamine might have come from, and the State objected on speculation grounds. On appeal, counsel contends that "[n]o evidence had been introduced sufficient to support a finding that the Appellant had personal knowledge of where the evidence would have come from if not from his own person." Thus, counsel asserts, the circuit court's ruling was correct and does not provide a meritorious ground for reversal.

Counsel also examines an objection based on leading that was sustained by the circuit court during defense counsel's redirect questioning of Childers. Defense counsel began his question with "[i]f I told you that…," and the State objected. On appeal, counsel explains that the question was, in fact, a leading question, as it was phrased in a way that was intended to lead the witness to the conclusion proffered in the question; therefore, it does not present a meritorious ground for reversal.

Counsel next discusses the denial of Childers's renewed motion for directed verdict, which was again made on the basis that "the State has failed to prove that he knowingly possessed anything." Counsel says the only evidence offered during the defense's case was Childers's testimony, and while some of his testimony conflicted with Officer Smith's testimony, it was up to the jury to resolve any conflicts and inconsistencies. *Coleman v. State*, 314 Ark. 143, 860 S.W.2d 747 (1993). Thus, counsel contends the denial of the motion does not present a meritorious ground for reversal.

Finally, counsel mentions a motion to stay the condition of his sentence that he report for thirty days' incarceration pending appeal or, alternatively, a motion for appeal

6

bond, which was denied by the circuit court. Counsel explains that this is not a meritorious ground for reversal because it is moot, as Childers has already been released from incarceration.

In deciding whether to allow counsel to withdraw from appellate representation, the test is not whether counsel thinks the circuit court committed no reversible error, but whether the points to be raised on appeal would be wholly frivolous. *Williams v. State*, 2013 Ark. App. 323. In this case, we find compliance with Rule 4–3(k)(1) and *Anders* and hold that there is no merit to this appeal. Accordingly, we affirm the conviction and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

HIXSON and MURPHY, JJ., agree.

*Samuel F. Eastman*, for appellant.

One brief only.