Cite as 2021 Ark. 58

# SUPREME COURT OF ARKANSAS

No. CR-19-824

| | | |
|---|---|---|
| | | **Opinion Delivered:** March 11, 2021 |
| TARA KOLB | | |
| | APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-19-8] |
| V. | | |
| | | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | |
| | | AFFIRMED; COURT OF APPEALS' OPINION VACATED. |

**BARBARA W. WEBB, Justice**

Tara Kolb was convicted by a Drew County jury of possession of methamphetamine and drug paraphernalia for which she received consecutive twelve-year sentences for each crime and a $5000 fine. On appeal she argues that the circuit court erred in denying her motion for a directed verdict in which she asserted that the State failed to prove that she possessed a "usable amount" of methamphetamine. Kolb does not challenge her conviction for possession of drug paraphernalia.

The court of appeals reversed her conviction. *See Kolb v. State*, 2020 Ark. App. 304, 602 S.W.3d 128. We granted the State's petition for review. When we grant a petition for review, we treat the case as if the appeal had originally been filed or docketed in this court and give no deference to the court of appeals' opinion. *See Shay v. State*, 2018 Ark. 393, at 1–2,

562 S.W.3d 832, 833; *Johnson v. State*, 319 Ark. 78, 81, 889 S.W.2d 764, 765 (1994). We vacate the court of appeals' opinion and affirm.

## I. *Background*

Kolb was tried for possession of a controlled substance and possession of drug paraphernalia. At trial, Officer James Slaughter testified that he made a traffic stop on December 31, 2018, in Monticello, Arkansas. Kolb and another person were in the vehicle. Though Kolb denied that there was methamphetamine in the vehicle, she claimed that everything in the vehicle, whatever it was, belonged to her and that "if you find dope, it is mine." Officer Slaughter searched the vehicle and found four syringes. Upon questioning by Officer Slaughter, Kolb admitted that the syringe in her notebook would "test positive." When the syringes were found in the vehicle, Kolb again admitted that the drugs were hers and hers alone. Officer Slaughter testified that two of the syringes were "loaded," which, he explained, meant "filled up, filled with drugs." Officer Slaughter sent all four syringes to the Arkansas State Crime Laboratory.

David Arellano, a chemist with the crime lab, testified that only one of the four syringes was both weighed and tested for the presence of methamphetamine. He testified that the syringe had a gross weight of 3.61 grams and contained a dark red liquid that looked like blood. He tested the contents of the syringe only for methamphetamine, and the results positively indicated the presence of methamphetamine. He did not attempt to determine the quantity of methamphetamine, only its presence. The State rested and put on no additional evidence. Kolb did not call any witnesses or offer evidence in her defense.

2

Kolb moved for a directed verdict. She argued that the State had not proven that she had possessed two or more grams of methamphetamine or a usable amount on the basis that the "only evidence is there was a liquid that tested positive for methamphetamine." The circuit court granted the motion in part and found that the State failed to prove that Kolb possessed more than two grams of methamphetamine. It denied the "usable amount" motion. The jury found Kolb guilty of both possession of a controlled substance and possession of drug paraphernalia.

## II. *Standard of Review*

On appeal, we review a motion for a directed verdict as a challenge to the sufficiency of the evidence and will affirm the circuit court's denial of a motion for directed verdict if there is substantial evidence, either direct or circumstantial, to support the jury's verdict. *Williamson v. State*, 2009 Ark. 568, at 3–4, 350 S.W.3d 787, 789 (citing *Flowers v. State*, 373 Ark. 127, 282 S.W.3d 767 (2008)). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Id.* In reviewing the sufficiency of the evidence, the court views the evidence and all reasonable inferences in the light most favorable to the State, without weighing it against conflicting evidence that may be favorable to the appellant and affirms the verdict if it is supported by substantial evidence. *Id.*

## III. *Argument and Analysis*

Kolb argues on appeal, as she did in her directed-verdict motion, that the State failed to prove that she possessed a "usable amount" of methamphetamine. She relies on *Harbison*

3

*v. State*, 302 Ark. 315, 790 S.W.2d 146 (1990), in which this court reversed a conviction for cocaine possession based on trace amounts of the narcotics being found in a bottle and on plastic straws. She urges us to likewise hold that the State failed to prove that she possessed a "usable amount" of methamphetamine. We disagree.

The *Harbison* court reasoned that "[t]he intent of the legislation prohibiting possession of a controlled substance is to prevent use of and trafficking in those substances. Possession of a trace amount or residue which cannot be used and which the accused may not even know is on his person or within his control contributes to neither evil." 302 Ark. at 321, 790 S.W.2d at 151. We acknowledge that we have held that the State must prove that the accused possessed an amount of a controlled substance that is either sufficient to permit knowledge of its presence without the need for scientific testing or sufficient to be usable in the manner in which such a substance is ordinarily used. *Harbison*, 302 Ark. at 321, 790 S.W.2d at 151; *see also Conley v. State*, 308 Ark. 70, 73, 821 S.W.2d 783, 785 (1992).

However, the "measurable amount of the methamphetamine for the purpose of inferring intent includes the amount of the pure drug plus all adulterants." *Jones v. State*, 357 Ark. 545, 553–54, 182 S.W.3d 485, 489–90 (2004) (quoting *Piercefield v. State*, 316 Ark. 128, 871 S.W.2d 348 (1994)); Ark. Code Ann. § 5-64-419(b)(1)(A). Proof of a detectable amount of a controlled substance in a consumable form is sufficient evidence for a factfinder to infer that the accused possessed a usable amount of the controlled substance. When the controlled substance is combined with adulterants or dilutants, it is not necessary for the State to prove both the presence and quantifiable amount of the illicit drug, the amount and

4

chemical composition of the adulterants or dilutants, or that a particular adulterant or dilutant is commonly mixed with a controlled substance for there to be sufficient evidence of a usable amount of a controlled substance.

That which *Harbison* sought to avoid, conviction for a "[p]ossession of a trace amount of residue which cannot be used and which the accused may not even know is on his person or within his control," is not present in this case. 302 Ark. at 322, 790 S.W.2d at 151. Here, Kolb admitted the syringes were hers and "if there was dope" it was hers as well. Officer Slaughter testified that syringes such as the ones he found were "commonly on the streets used for ingesting meth." He also described two of the syringes as "loaded," which he stated meant "filled with drugs." When confronted with "loaded syringes" that ultimately were determined by the crime lab to contain methamphetamine, Kolb again admitted they were her sole property.

Whether there was a usable amount of methamphetamine in the syringe is a question for the jury to resolve. Variances and discrepancies in the proof go to the weight or credibility of the evidence and are within the providence of the fact-finder. *Marts v. State*, 332 Ark. 628, 644–45, 968 S.W.2d 41, 49 (1998) (citing *State v. Long*, 311 Ark. 248, 844 S.W.2d 302 (1992)). When there is evidence of a defendant's guilt, even if it is conflicting, it is for the jury to resolve any conflicts and inconsistencies and not for the circuit court to resolve on a directed-verdict motion. *Id.*, 968 S.W.2d at 49. The evidence presented by the State was that Kolb twice admitted that she possessed a syringe that was "loaded" and filled up. The loaded syringe and its contents, including the methamphetamine, weighed 3.61 grams. This was

sufficient evidence upon which the jury could rely to find that the syringe contained a usable amount of methamphetamine in a consumable form. Having provided sufficient evidence that Kolb could use a "loaded" syringe that contained methamphetamine, the jury was free to believe or disbelieve that the amount was usable, and the circuit court properly denied the motion for a directed verdict.

Affirmed; court of appeals' opinion vacated.

BAKER, J., concurs.

WYNNE, J., dissents.

**ROBIN F. WYNNE, Justice, dissenting.** Because I would reverse Kolb's conviction for possession of methamphetamine based on the insufficiency of the evidence, I respectfully dissent.

Appellant Tara Kolb was sentenced as a habitual offender to twelve years in the Arkansas Department of Correction and a $5,000 fine for possessing less than two grams of a controlled substance (methamphetamine), a Class D felony.[1] *See* Ark. Code Ann. § 5-64-419(b)(1)(A) (Repl. 2016). Kolb argues on appeal that the circuit court should have granted her motion for a directed verdict on the count of possession of methamphetamine because the State did not prove there was a usable or measurable amount of methamphetamine in her possession. In *Harbison v. State*, 302 Ark. 315, 790 S.W.2d 146 (1990), this court reversed a conviction for possession of cocaine where the defendant was found with a bottle in which

---

[1]She does not challenge her conviction for possession of drug paraphernalia.

a trace amount of cocaine residue was found. After discussing cases from other jurisdictions, the *Harbison* court wrote:

> The cases we have discussed all drive toward the same logical point, whether the rationale is that the amount of a controlled substance is either (1) sufficient to permit knowledge of its presence without the need for scientific identification or (2) sufficient to be useable in the manner in which such a substance is ordinarily used. The intent of the legislation prohibiting possession of a controlled substance is to prevent use of and trafficking in those substances. Possession of a trace amount or residue which cannot be used and which the accused may not even know is on his person or within his control contributes to neither evil.
>
> We recognize the possibility that one may be in possession of an amount of a controlled substance sufficient to permit knowledge of its presence and yet still not be in possession of a useable amount. We agree, however, with the courts that have concluded that possession of less than a useable amount of a controlled substance is not what legislators have in mind when they criminalize possession because it cannot contribute to future conduct at which the legislation is aimed, that is, use of or trafficking in drugs.

*Id.* at 322–23, 790 S.W.2d at 150–51. Since *Harbison*, both this court and the court of appeals have revisited and applied the basic holding of that case many times.

Here, the evidence was simply insufficient to show that the syringe that tested positive for methamphetamine contained a usable amount because there was no evidence presented regarding the amount of methamphetamine it contained, nor was there substantial evidence that it was in a consumable form. The fact that the officer described the syringe as "loaded" means little without knowing what was in it. With the dearth of evidence presented, no one knows what was in the syringe—only that it looked like blood and tested positive for methamphetamine. It could have been ready to inject (*i.e.*, in a consumable form or usable); or just as likely, it could have contained only a trace amount of methamphetamine in a

substance that did not constitute an adulterant or diluent.[2] This is not a case of the jury being presented with conflicting evidence or determining credibility. Under these facts, the jury was forced to resort to speculation and conjecture in concluding that Kolb knowingly or purposely possessed methamphetamine under the statute. When a jury reaches its conclusion by resorting to speculation or conjecture, the verdict is not supported by substantial evidence, and we must reverse and dismiss the charges. *Arms v. State*, 2015 Ark. 364, at 7–8, 471 S.W.3d 637, 642. Accordingly, I would reverse the conviction for possession of methamphetamine and dismiss that count.

*Devon Holder*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.

---

[2]"Adulterant" as used in criminal law is defined as follows: "A usu. inexpensive material used to dilute and increase the bulk or quantity of a controlled substance, regardless of its effect on the substance's chemical nature. • An example is flour added to cocaine. Some states include adulterants when calculating the weight of a controlled substance for prosecution of the possessor. — Also termed *dilutant*; *diluent*; *cutting agent*." *Black's Law Dictionary* (11th ed. 2019).