Cite as 2021 Ark. App. 358

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–21–93

|  |  |
|---|---|
| | **Opinion Delivered** September 22, 2021 |
| MCKINZIE KORY MARTIN<br>APPELLANT | APPEAL FROM THE DREW COUNTY CIRCUIT COURT [NO. 22CR-20-122] |
| V. | |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE ROBERT BYNUM GIBSON, JR., JUDGE |
| | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant McKinzie Kory Martin was convicted by a Drew County jury of possession of ten grams or more, but less than two hundred grams, of methamphetamine, a Class B felony.[1] He was sentenced as a habitual offender to thirty-five years' imprisonment. He argues on appeal that the circuit erred in denying his motion for directed verdict because the State failed to prove that the methamphetamine in question weighed at least ten grams. We affirm.

Appellant was a passenger in a car on June 5, 2020, when Officer Chris Owens of the Monticello Police Department made a traffic stop on the vehicle. Appellant was subsequently arrested and taken to the Drew County Detention Facility because there was

---

[1]*See* Ark. Code Ann. §5-64-419(b)(1)(C) (Supp. 2021).

an active warrant for his arrest for absconding. Once at the jail, Officer Owens asked appellant whether he had anything on him, and appellant pulled out his sweatpants and underwear. At that point, Officer Owens was able to see something white under appellant's testicles. Appellant was taken to the shower room so that he could be searched. A struggle commenced, and by the time appellant was subdued and handcuffed, the white substance had spilled onto the floor. A photo was taken of the substance, and then it was swept up with a broom. The suspected drugs along with debris from the floor were bagged up and subsequently sent to the crime lab for testing. The results showed a net weight of 53.0213 grams and was positive for methamphetamine. Appellant was then charged with possession of more than ten grams, but less than two hundred grams, of methamphetamine.

Appellant's jury trial took place on November 17. Officer Owens testified to the circumstances surrounding appellant's arrest and the subsequent possession-of–methamphetamine charge. During his testimony, the photo of the methamphetamine on the shower floor was admitted into evidence.

Amanda Blox, a chemist with the Arkansas State Crime Laboratory, testified that she "weighed the off-white crystalline substance with small debris" and that it had a net weight of 53.0213 grams and contained methamphetamine. She stated that she was unable to remove the grayish debris from the substance.

On cross-examination, Blox said that the net weight included the white substance and the debris. She stated that if there were any debris significant enough to be removed, she would have removed it. She testified that she did not know what portion of the net

2

weight could be attributed to the methamphetamine. Blox's report was introduced into evidence.

The State then rested its case. Appellant did not testify or call any witnesses. Appellant unsuccessfully moved for a directed verdict, contending that the State failed to prove that the methamphetamine weighed more than ten grams without the debris. The jury found appellant guilty of the charged offense and sentenced him to thirty-five years in the Arkansas Department of Correction. The sentencing order was filed on November 18 and amended on December 3. Appellant filed a timely notice of appeal on December 2 and an amended notice of appeal on December 4.

On appeal, we review a motion for a directed verdict as a challenge to the sufficiency of the evidence and will affirm the circuit court's denial of a motion for directed verdict if there is substantial evidence, either direct or circumstantial, to support the jury's verdict.[2] Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture.[3] In reviewing the sufficiency of the evidence, the court views the evidence and all reasonable inferences in the light most favorable to the State—without weighing it against conflicting evidence that may be favorable to the appellant—and affirms the verdict if it is supported by substantial evidence.[4]

Here the amount of methamphetamine appellant possessed was a factual question for the jury to resolve. The jury heard evidence that Officer Owens saw a bag containing a

---

[2] *Kolb v. State*, 2021 Ark. 58.

[3] *Id.*

[4] *Id.*

3

white substance under appellant's testicles following an arrest. When Officer Owens took appellant into the shower room to search appellant, a struggle ensued, causing the suspected drugs to spill onto the floor of the shower. A photo was taken of the spilled substance before Officer Owens used a broom to sweep it up and place it in a bag. Blox testified that the net weight of the item submitted (drugs with small debris) was 53.0213 grams and was positive for methamphetamine. Although she could not state definitively how much of the weight was solely based on the methamphetamine, it was within the jury's province as fact-finder to determine that the State had at least met the threshold of ten grams of methamphetamine. Accordingly, we affirm.

Affirmed.

GLADWIN and MURPHY, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

4